IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 6:19-cv-6704 ) ) COMPLAINT |
| v. | ) ) Jury Trial Demanded |
| GREEN LANTERN INN, INC., D/B/A MR. DOMINIC'S ON MAIN, | ) ) ) ) |
| Defendant. | ) ) ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Rachel Clifford and another female employee who were adversely affected by such practices.  As alleged with greater particularity in paragraphs 21-42 below, the Equal Employment Opportunity Commission alleges that Defendant Green Lantern Inn, Inc., d/b/a Mr. Dominic's on Main ("Defendant"), violated Title VII by subjecting Charging Party and another female employee to a hostile work environment based on their sex.  The Commission further alleges that Defendant constructively discharged Rachel Clifford by creating and maintaining an intolerable work environment, and that Defendant discharged another female employee who objected to and complained about the hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Green Lantern Inn, Inc., d/b/a Mr. Dominic's on Main, a New York corporation, has continuously been doing business in the State of New York and the County of Monroe, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Charging Party Rachel Clifford filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On June 24, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

9. On July 16, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least July 2017, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2(a)(1), by subjecting Charging Party and another female employee to a hostile work environment based on sex.

Background

12. Defendant hired Paul Dowlatt as a cook in or around October 2014.

13. Defendant later promoted Dowlatt to head chef and kitchen manager.

14. Soon after Dowlatt was hired, he began to subject a Front-of-House Server to unwelcome conduct and comments of sexual nature.

15. In or around April 2016, Dowlatt sexually assaulted the Front-of-House Server while she was setting tables in one of Defendant's dining rooms by licking her ear, grabbing her genitals, and forcing his tongue down her throat.

16. The Front-of-House Server complained to Defendant's owner, John Tachin, and general manager, Anthony Barbone, about Dowlatt's conduct, but Defendant failed to take appropriate remedial action.

17. The Front-of-House Server resigned because she could no longer work with Dowlatt.

18. A Bartender worked for Defendant from December 2014 to November 2017.

19. Throughout the Bartender's employment, Dowlatt subjected her to unwelcome conduct and comments of a sexual nature, including grabbing her breasts and buttocks, telling her that he wanted to "fuck" her, and following her into a walk-in cooler and forcibly touching and attempting to kiss her.

20. The Bartender complained to Defendant's general manager, Anthony Barbone, more than once, but Defendant failed to take any remedial action.

Charging Party Rachel Clifford and Subsequent Victim

21. Rachel Clifford began working for Defendant as a server in July 2017.

22. Clifford worked for Defendant from July 2017 until March 2018, when she was constructively discharged by Defendant.

23. Throughout Charging Party's employment, Paul Dowlatt subjected Clifford to unwelcome conduct and comments of a sexual nature, including, but not limited to:

    a. Repeatedly asking Clifford "when are we going to fuck?" and "when am I going to get some?";

    b. Grabbing Clifford by the waist, thrusting into her with his genitals, and stating "you know you like it rough";

4

    c.   Trapping Clifford in a walk-in cooler, shutting off the lights, and blocking her exit;

    d.   Touching Clifford's clothing;

    e.   Reaching into his pants with both hands and grabbing his genitals in Clifford's presence; and

    f.   Purposely blocking Clifford's path.

24. When Clifford made it clear to Dowlatt that his conduct was unwelcome, Dowlatt responded by burning her customers' food, delaying her orders, and throwing food and debris in her work area.

25. Dowlatt's conduct created a hostile work environment for Clifford.

26. Defendant knew or should have known of the hostile work environment created by Dowlatt because Dowlatt was a serial harasser and Clifford and other employees complained about Dowlatt's conduct to Defendant's owner, John Tachin, to Defendant's general manager, Anthony Barbone, and to other of Defendant's managers and/or supervisors.

27. Defendant also knew or should have known of the hostile work environment created by Dowlatt because Dowlatt's conduct was open and notorious and/or because Defendant's supervisors and managers observed his conduct.

28. Defendant failed to take appropriate remedial action to address and end the harassment. As a result, Dowlatt's unlawful conduct continued unabated.

29. Defendant's repeated failure to take appropriate remedial action to address and end the harassment effectively discouraged employees from filing complaints.

30. Defendant constructively discharged Clifford by creating and maintaining an intolerable work environment and by failing to take appropriate remedial action to address and end the harassment.

31. A Bartender began working for Defendant in or around April 2018.

32. Throughout the Bartender's employment, Dowlatt subjected her to unwelcome conduct and comments of a sexual nature, including, but not limited to:

    a. Telling the Bartender "you'd look good with my baby in your belly";

    b. Asking the Bartender, "don't you want to be my baby mama?" and "don't you want to be under me?"

    c. Telling the Bartender that he "like[d] her tits in that top";

    d. Making "kissy noises" at the Bartender; and

    e. Threatening that if the Bartender did not serve him, he would "fuck [her] face and have [her] fired."

33. The Bartender complained to Defendant about Dowlatt's conduct, but Defendant failed to take appropriate remedial action.

34. Defendant terminated the Bartender's employment for pretextual reasons shortly after she complained.

35. Dowlatt's conduct created a hostile work environment for the Bartender.

36. Defendant knew or should have known of the hostile work environment created by Dowlatt because Dowlatt was a serial harasser and the Bartender and other employees complained about Dowlatt's conduct to Defendant's owner, John Tachin, to Defendant's general manager, Anthony Barbone, and to other of Defendant's managers and/or supervisors.

37. Defendant also knew or should have known of the hostile work environment created by Dowlatt because Dowlatt's conduct was open and notorious and/or because Defendant's supervisors and managers observed his conduct.

38. Defendant failed to take appropriate remedial action to address and end the harassment. As a result, Dowlatt's unlawful conduct continued unabated.

39. Defendant's repeated failure to take appropriate remedial action to address and end the harassment effectively discouraged employees from filing complaints.

40. The effect of the practices complained of in paragraphs 21-42 above has been to deprive Clifford and the Bartender of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

41. The unlawful employment practices complained of in paragraphs 21-42 above were and are intentional.

42. The unlawful employment practices complained of in paragraphs 21-42 above were and are done with malice or with reckless indifference to the federally protected rights of Clifford and the Bartender.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of sex, including harassment and the creation of a hostile work environment based on sex in violation of 42 U.S.C. § 2000e.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of Defendant's past and present unlawful employment practices.

C.     Order Defendant to make whole Clifford and the Bartender by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D.     Order Defendant to make whole Clifford and the Bartender by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 21-42 above, in amounts to be determined at trial.

E.     Order Defendant to make whole Clifford and the Bartender by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 21-42 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Clifford and the Bartender punitive damages for its malicious and reckless conduct, as described in paragraphs 21-42 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  September 23, 2019
        Buffalo, New York

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISION
131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

KIMBERLY CRUZ
Supervisory Trial Attorney
kimberly.cruz@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004

/s/ Elizabeth Fox-Solomon
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Buffalo Local Office
300 Pearl Street, Suite 450
Buffalo, New York 14202
Tel:  716-431-5010
Fax:  716-551-4387
Email:  elizabeth.fox-solomon@eeoc.gov