UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,                      DECISION AND ORDER
                                                     19-CV-6704 FPG/MJP

vs.

GREEN LANTERN INN, INC., et al.,

                    Defendants.

_____

**Pedersen, M.J.** Before the Court is plaintiff Equal Employment Opportunity Commission's ("EEOC") application to compel production of documents in response to its Federal Rule of Civil Procedure 34 request. (Mot. to Compel, Sept. 24, 2020, ECF No. 32.) After reviewing the motion, the opposition by defendant Green Lantern Inn, Inc., doing business as Mr. Dominic's on Main ("Defendant") (ECF No. 39), and EEOC's reply (ECF No. 44), the Court hereby orders Defendant to produce the documents demanded in EEOC's Rule 34 demand.

Defendant contends that EEOC's "excessive discovery demands" are premature because there has been no "proof of wrongdoing." (Petralia Decl. ¶ 2, Oct. 6, 2020, ECF No. 39.) He further argues that one of the complaining witnesses, Ms. Ritchie, was fired by Defendant for having served alcohol to a minor and was caught in a sting operation by the Fairport Police Department. (*Id.* ¶ 4.) Therefore, Defendant asserts that EEOC's allegation that the firing was based on a pretext "is

an outright lie." (*Id.*) Defendant characterizes EEOC's actions a "just big government overreach." (*Id.* ¶ 35.)[1]

In addition to the arguments above, Defendant also contends that EEOC's discovery demands are excessive, citing to Fed. R. Civ. P. 26(b). (Petralia Decl. ¶ 38, ECF No. 39.)[2] For example, Defendant contends that EEOC's demand for financial records from The Green Lantern Inn, Inc., as well as the allegedly associated Pullman Associates, LLC, is irrelevant to showing "whether sexual harassment happened. Further, they are confidential." (*Id.* ¶ 39.) However, as EEOC explained, it requested the financial records in relation to the damages portion of its case, and to determine whether the two companies (The Green Lantern Inn, Inc., and Pullman Associates, LLC) are so closely associated as to constitute a signer employer for the purposes of Title VII. (EEOC Mem. of Law 25, Sept. 24, 2020, ECF No. 32-1.) Defendant responded that discovery on its finances should await a finding of liability.[3]

---

[1] Mr. Petralia's declaration jumps from paragraph 4 on page 1, to paragraph 35 on page 2, without any paragraphs 5 through 34.

[2] W.D.N.Y. Loc. R. Civ. P. 7(a)(3) states in pertinent part as follows: "An affidavit, declaration, or affirmation must not contain legal arguments, but must contain factual and procedural background relevant to the motion it supports." Nevertheless, counsel has included legal argument and citations in his affidavit. EEOC has asked the Court to strike the affidavit because of non-compliance with the local rule, and points out that the Court has twice in the past stricken Defendant's documents for failure to comply with the requirements of the local rules. (EEOC Reply Mem. at 2 n.2, Oct. 13, 2020, ECF No. 44.) The Court declines the invitation this time, however, cautions counsel that it may not extend the same leniency in the future.

[3] Also pending before the Court is EEOC's request for a default to be entered against Pullman Associates, LLC, and Defendant's response thereto. (ECF Nos. 78 & 79.) That application will be decided by a separate decision and order after January 20, 2021 (Text Order, Jan. 15, 2021, ECF No. 80.).

As this is a federal law case, the Court determines that the more efficient procedure is to permit discovery of financial information to support a potential claim for punitive damages, while leaving it to the discretion of the trial court to bifurcate the trial between the merits and damages. *Hazeldine v. Beverage Media, Ltd.*, No. 94 CIV. 3466 (CSH), 1997 WL 362229, at *3 (S.D.N.Y. June 27, 1997) ("Although the case law provides little definitive guidance on this issue, I agree with Judge Motley that pre-trial financial discovery and a bifurcated trial is the more efficient method of managing a trial involving a punitive damages claim.") As for Defendant's concerns with confidentiality, that can be resolved with a protective order. Fed. R. Civ. P. 26(c).

Regarding electronically stored information ("ESI"), EEOC requested the production of ESI and defined the format in which it wanted that information produced. (EEOC Mem. of Law at 11 n.2.) Defendant has not produced any ESI to date and has informed EEOC's counsel, in essence, that it would not produce ESI. (Smolik Decl. ¶ 6, Sept. 24, 2020, ECF No. 32-2; Email from Arnold Petralia to Sara Smolik (Aug. 24, 2020 at 3:56 p.m.) ECF No. 24-4 ("As for ESI, Mr. Tachin got an estimate that is would cost $33,000. Further, it encroaches on Dominic employee's privacy rights. Whether prior counsel's response waived the cost objection is a matter we will have to fight in court. It is like a police state demand.")

In EEOC's words, "[b]y refusing to produce discovery, Mr. Dominic's has effectively granted itself a motion to stay that it has never filed." (EEOC Mem. of Law at 7, ECF No. 32.) Nothing in Defendant's opposition raises issues that preclude an order to compel. The email correspondence is insufficient to raise the cost burden as

required by law. *Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69 (W.D.N.Y. 2003) ("for a burdensomeness objection to be sustained, a motion to compel on this ground must be opposed by an affidavit of a person with knowledge of the record keeping system with the requested party explaining in reasonable detail the factual basis for such an objection."). Defendant has made no such showing here. EEOC's demands are only for records held by Defendants, not the employees. (EEOC Reply Mem. of Law at 3, ECF No. 44.) Thus, any privacy concerns can be easily resolved with a protective order. Defendant's opposition evidently included an argument not raised on this motion—that the business is now closed. EEOC's demands were made before the business closed and adequately notified Defendants of their duty to preserve relevant evidence for later discovery, or face a motion regarding spoliation. However, the Court need not consider this argument since it was not raised in Defendant's opposition to EEOC's motion to compel. (Petralia Decl., ECF No. 39.)

Therefore, the Court hereby grants EEOC's application (ECF No. 32) to compel and directs that Defendant comply with the discovery demands by March 1, 2021. Defendant is directed to:

(1) Search all computer hard drives, cell phones, cloud storage systems, email accounts, and social media accounts associated with Mr. Dominic's for responsive ESI and produce all responsive ESI located through that search, in the format requested by EEOC, by March 1, 2021;

(2) Search all email accounts, cell phones, and social media accounts used by John Tachin, Patti Warren, Anthony Barbone, Jenna Kavanagh, Lauren Kessler and Donna German, during the relevant time, for responsive ESI and produce all responsive ESI located through that search, in the format requested by EEOC, by March 1, 2021;

(3) Produce documents responsive to EEOC's Rule 34 Request Nos. 44–55, by February 5, 2021.

SO ORDERED.


DATED:      January 19, 2021
            Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge