UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                     Plaintiff,

    v.

GREEN LANTERN INN, INC.
*d/b/a Mr. Dominic's on Main*,

                    Defendant.

AMENDED[1] REPORT AND
RECOMMENDATION AND
DECISION AND ORDER

19-CV-6704-FPG-MJP

---

**APPEARANCES**

For Plaintiff:

Kimberly Anne Cruz, Esq.
Nairuby Lorrene Beckles, Esq.
EEOC 33 Whitehall Street 5th Floor
New York, NY 10004
Sara Smolik, Esq.
U.S. Equal Employment Opportunity
Commission
Government Center Room 475
Boston, MA 02203

For Defendants:

Arnold R. Petralia, Esq.
Petralia, Webb & O'Connell, P.C.
16 E. Main Street Suite 300
Rochester, NY 14614

Robert P. Yawman, III, Esq.
Stacey E. Trien, Esq.
Adams Leclair LLP
28 East Main Street Suite 1500
Rochester, NY 14614

---

[1] Report and Recommendation is amended to indicate that Plaintiff's Motion for Partial Summary Judgment, ECF No. 91, will be dealt with by separate order of the Court.

## INTRODUCTION

**Pedersen, M.J.** On August 9, 2020, Defendant Green Lantern Inn, Inc., ("Defendant" or "Green Lantern") filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 42.) On September 6, 2020, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a motion to strike (ECF No. 49) the motion to dismiss, as well as a memorandum in response to the motion to dismiss. (ECF No. 50.) On February 4, 2021, EEOC filed a motion for fees to be paid by Defendant because of Defendant's failure to waive service per Fed. R. Civ. P. 4(d)(2). (ECF No 83.) On the same day, EEOC filed a motion to strike select affirmative defenses from Defendant's Answer to the Second Amended Complaint, (ECF No. 84), to which Defendant did not file any opposition. Along with the motion to strike, EEOC filed a motion to dismiss Defendant's counterclaims, (ECF No. 85), again with no opposition filed by Defendant. On March 15, 2021, EEOC filed a motion for sanctions against Defendant for ignoring a court order. (ECF No. 90.) Once again, Defendant submitted no opposition.

On June 10, 2021, the Honorable Frank P. Geraci issued the following text order:

> The following motions are referred to Judge Pedersen for Report and Recommendation: 42 Motion to Dismiss for Lack of Jurisdiction, 85 Motion to Dismiss for Failure to State a Claim, and 91 Motion for Partial Summary Judgment. The following non-dispositive motions are referred to Judge Pedersen for Decision and Order: 49 Motion to Strike, 83 Motion Award of Expenses, 84 Motion to Strike, and 90 Motion for Sanctions.

(Text Order, ECF No. 92.) The undersigned will discuss each motion in turn, and decide the non-dispositive motions: Motion to Strike (ECF No. 49); Motion for Award of Expenses (ECF No. 83); Motion to Strike (ECF No. 84); and Motion for Sanctions (ECF No. 90). In this combined filing, the undersigned will issue a report and recommendations with regard to the dispositive motions: Motion to Dismiss for Lack

of Jurisdiction (ECF No. 42); and Motion to Dismiss for Failure to State a Claim (ECF No. 85).

After Judge Geraci's order, the following motions were filed: ECF No. 93 (second motion to withdraw as attorney for Defendants by Arnold Petralia, Esq.); ECF No. 104 (motion to withdraw as attorney for EEOC by Nairuby L. Beckles, Esq.); and ECF No. 105 (motion by EEOC to strike ECF No. 102 (attorney declaration of Stacey E. Trien in opposition to the motion for sanctions)). These additional motions are non-dispositive; the undersigned will address them in a separate order. Further, EEOC's Motion for Partial Summary Judgment (ECF No. 91) has not yet been fully briefed and will be addressed in a separate order as well.

## BACKGROUND

On September 23, 2019, EEOC commenced an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 105 Stat. 1071 ("Title I"). (Compl., ECF No. 1.) Specifically, EEOC alleges that Green Lantern discriminated against female restaurant workers, on the basis of sex, by subjecting them to a hostile work environment that included unwanted touching, lewd comments about their bodies, and repeated requests for sex. (*Id.*) On August 3, 2020, the Court granted EEOC's unopposed motion to file an Amended Complaint. (Text Order, ECF No. 18.) The Court subsequently granted EEOC's second motion, also unopposed, to file a Second Amended Complaint on November 16, 2020, (Text Order, ECF No. 54), adding Pullman Associates LLC ("Pullman") as a co-defendant and alleging that Green

3

Lantern and Pullman constitute an integrated enterprise for purposes of liability under Title VII.

On January 14, 2021, Defendant Green Lantern filed an answer asserting eleven affirmative defenses and raising two counterclaims. (Answer to Second Am. Compl., ECF No. 79-1 ("Answer")[2]). EEOC now seeks to strike the following of those affirmative defenses: (1) the **second** affirmative defense, asserting that the EEOC's claims are time barred (Answer ¶ 38); the **ninth** affirmative defense, asserting EEOC's claims are barred under the doctrines of laches, waiver or release (*Id.* ¶ 27); and, finally, the **eleventh** affirmative defense, asserting that EEOC's proceedings were unconstitutional and conducted without due process (*Id.* ¶ 29).

Specifically, EEOC claims that Green Lantern's second affirmative defenses are not supported by any factual allegations to make them plausible and are legally insufficient under clearly established law. (Answer ¶ 38, ECF No. 79-1), ninth (*id.* ¶ 27), and eleventh (*id.* ¶ 29). EEOC further argues that these claims contain unfounded, impertinent and scandalous attacks on Federal government employees, including calling for the removal and sanction of an EEOC senior trial attorney (Pl.'s Notice of Mot. to Strike 1–2, ECF No. 84.) Further, EEOC states that Defendants included in their Answer "a plethora of personal attacks on counsel that cross the line between zealous advocacy and scandalous material as defined by Rule 12(f) and plainly violate the Western District's Civility Principles and Guidelines." (Pl.'s Mem.

---

[2] For ease of reference, the Court will refer to the operative Answer to the Second Amended Complaint as Defendants' "Answer" without referring to the Second Amended Complaint. Inexplicably, the Answer was never filed as a separate document, but is attached to counsel's affirmation.

in Supp. of Mot. to Strike at 4, ECF No. 84-1) Finally, EEOC moves to strike all legal arguments and conclusions, which it contends are inappropriately advanced in the answer as impertinent, immaterial, and redundant under Rule 12(f). (Answer ¶¶ 35, 47–50, ECF No. 79-1.)

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMTIVE DEFENSES (ECF NO. 84)

### *Legal Standard*

Federal Rule of Civil Procedure 12(f) permits a court on its own, or on a motion by a party, to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions to strike allow avoidance of "the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Levy v. HSBC Bank, USA, N.A.*, No. 08-CV-796S, 2011 WL 5978656, at *2 (W.D.N.Y. Nov. 27, 2011). "Resolution of a Rule 12(f) motion is left to the district court's discretion." *EEOC v. Bay Ridge Toyota, Inc.,* 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004) (granting motion to strike affirmative defenses). However, a court should strike any affirmative defense that is not plausible, provides a "legally insufficient basis for precluding a plaintiff from prevailing on its claim," or is untimely. *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.,* 918 F. 3d 92, 98–99 (2d Cir. 2019). As the Honorable Chief Judge Elizabeth A. Wolford observed:

> [A]n affirmative defense should be stricken if (1) it is not plausibly pled or (2) "it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims", and (3) "the Court must further consider whether the inclusion of the affirmative defense will prejudice the plaintiff.

*Kochan v. Kowalski*, No. 19-CV-00251, 2020 WL 4700984, at *5 (W.D.N.Y. Aug. 13, 2020) (citing *GEOMC*, 918 F.3d at 97–99).

### Second Affirmative Defense

Defendants' second affirmative defense alleges that: "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or other applicable timing limitation." (Defs.' Resp. to Pl.'s Req. for Default J. ¶ 38, ECF No. 79-1.) There is no statute of limitations or other limitation of time applicable to EEOC Title VII enforcement actions. *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 360 (1977). In that case, the Supreme Court wrote:

> The 1972 Act expressly imposes only one temporal restriction on the EEOC's authority to embark upon the final stage of enforcement–the bringing of a civil suit in a federal district court: Under § 706 (f)(1), the EEOC may not invoke the judicial power to compel compliance with Title VII until at least 30 days after a charge has been filed. But neither § 706 (f) nor any other section of the Act explicitly requires the EEOC to conclude its conciliation efforts and bring an enforcement suit within any maximum period of time.

*Id.*, 432 U.S. at 360; s*ee also EEOC v. A&P*, 735 F.2d 69, 81 (3d Cir. 1984) ("No statute of limitations applies to an EEOC Title VII action.") Defendants chose not to file an opposition to EEOC's motion to strike the second affirmative defense. Thus, even if Defendants' second affirmative defense was legally sufficient, that defense should be rejected because Defendants fail to "support [the] defense[] with some factual allegations to make [it] plausible." *GEOMC Co., Ltd.*, 918 F.3d at 99.

Because Defendants' second affirmative defense is not plausibly pled and cannot be sustained as a matter of law, the undersigned grants the motion to strike the second affirmative defense.

### Ninth Affirmative Defense

Defendants' ninth affirmative defense alleges that: "Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver or release." (Defs.' Answer, 6 ¶ 27, ECF No. 79-1.) The doctrine of laches "is an equitable defense that bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *State of New York v. UPS*, 160 F. Supp. 3d 629, 646 (S.D.N.Y. 2016) (quoting *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir. 1998)). "As a general rule laches or neglect of duty on the part of officers of the Government is no defense to a suit by it to enforce a public right or protect a public interest." *Utah Power & Light Co. v. United States*, 243 U.S. 389, 409 (1917); *see also Cayuga Indian Nation of N.Y. v. Pataki*, 413 F.3d 266, 279 n.9 (2d Cir. 2005) ("[L]aches is not available against the federal government when it undertakes to enforce a public right or protect the public interest.").

Because the EEOC is a governmental entity, the doctrine of laches is unavailable to Defendants. Therefore, the undersigned grants the motion to strike the ninth affirmative defense.

### Eleventh Affirmative Defense

Defendants' eleventh affirmative defense alleges that: "The proceedings heretofore under the EEOC have been unconstitutional and conducted without Due Process." (ECF No. 79-1, at 6 ¶ 29.) EEOC has express authority to bring the underlying suit in its own name to enforce Title VII. 42 U.S.C. §2000e-5(f)(1) and (3). The Supreme Court has stated that upholding Title VII is a proper exercise of Congress's power under the Commerce Clause of the Constitution. *Heart of Atlanta*

7

*Motel, Inc. v. U.S.*, 379 U.S. 241, 261 (1964). Finally, no cause of action exists against EEOC for its alleged inadequate investigation of a discrimination complaint, nor can any allegedly improper determination or investigation by the EEOC give rise to a due process violation. *Baba v. Japan Travel Bureau Int'l,* 111 F.3d 2, 6 (2d Cir. 1997) (agreeing with other Circuit court decisions that "Title VII provides no cause of action—either express or implied—against the EEOC for claims of procedural defects.").

Because the eleventh affirmative defense is insufficient as a matter of law, the undersigned grants the motion to strike the eleventh affirmative defense.

### Conclusion Re: Striking Affirmative Defenses

For the reasons stated above, the undersigned grant the motion to strike Defendants' second, ninth, and eleventh affirmative defenses.

## DECISION GRANTING PLAINTIFF'S MOTION TO STRIKE IMPERTINENT MATERIAL AND SCANDALOUS ALLEGATIONS (ECF NO. 84)

### Legal Standard

"A scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Cabble v. Rollieson*, 04 Civ. 9413 (LTS)(FM), 2006 U.S. Dist. LEXIS 7385, at \*32 (S.D.N.Y. Feb. 24, 2006). The striking of impertinent material and scandalous allegations is applicable when the allegation is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. *See, e.g., Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the

moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); *see also Pigford v. Veneman*, 215 F.R.D. 2, 4–5 (D.D.C. 2003) (striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are "[l]ike vultures feeding on the dead""); *Nault's Auto. Sales, Inc. v. Am. Honda Motor Co.*, 148 F.R.D. 25, 29–34 (D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions).

Personal attacks on a party's counsel, particularly ones that suggest that counsel has committed some wrongdoing by prosecuting or defending his or her client's legal interest, constitute scandalous material that should be stricken pursuant to Federal Rule of Civil Procedure 12(f). *See Gssime v. Nassau County*, No. 09-CV-5581(JS)(ARL), 2014 WL 810876, at *3 (E.D.N.Y. Feb. 28, 2014) ("Plaintiff's direct personal attack on defense counsel is scandalous, and improperly suggests that counsel committed some wrongdoing in filing the Answer."); *Brown v. Clayton*, No. 11-CV-714 (JCH), 2013 WL 1409881, at *1–2 (D. Conn. Apr. 8, 2013) (striking from pleadings "language directed toward defendant's counsel that is abusive, inappropriate, unwarranted and unprofessional."); *SEC v. Lauer*, No. 03-CV-80612, 2007 WL 1393917, at *2 (S.D. Fla. Apr. 30, 2007) (striking filing accusing plaintiff's attorney of "immoral unethical conduct" without evidence); *Pigford*, 225 F.R.D. at 58 (striking insinuations that "improperly cast a derogatory light on a dedicated

9

government attorney who has done his best to navigate the deep and murky waters of this litigation") (internal quotations omitted); *Nault's Auto Sales*, 148 F.R.D. at 34–35 (striking from record personal attacks on opposing counsel's integrity and ethics that demonstrated "an unfortunate and uncharacteristic loss of professional detachment").

### *Impertinent and Scandalous Material in the Case at Hand*

The statements that EEOC believes should be stricken from Defendants' Answer are:

> 31. This case is a disgusting fraud. . . .

> 35.[3] The transcript reveals information that any honest investigation would not have concealed. But conceal is what EEOC did and one has to assume [Plaintiff's counsel][4] was behind it. If so, she should be removed from this case and sanctioned for the damage she has done to Defendants. . . .

> 37. . . . . Yet, EEOC, though [Plaintiff's counsel], lied and asserted that she was fired in retaliation for making a complaint

> 39. The charges asserted by complainants are a lie. . . .

> 44. EEOC has deceitfully lied and alleges she was fired for making a complaint and that the sting operation claim was a pretext. . . .

> 55. EEOC lied when it alleged that Rachel Clifford complained to John Tachin. . . .

> 56. EEOC lied when it alleged that Lisa Richie was fired in retaliation for complaining and that the Fairport Police sting operation was a pretext. . . .

---

[3] The Court notes that the Answer contains two paragraphs labeled as "35." One appears on page 5 and denies allegations in certain paragraphs of the second amended complaint; the other appears on page 7 of the Answer and is quoted here.

[4] The actual Answer names counsel. In order to avoid repeating what the undersigned finds to be scandalous, this substitution appears instead.

57. Because of EEOC's lies, this investigation has caused the Fairport location to close and now EEOC attacks Lake Dominic's to destroy it.[5]

(Answer ¶¶ 31, 35, 37, 39, 44, 55–57, ECF No. 79-1.)

The statements quoted above are not relevant to any affirmative defenses or counterclaims. Each is highly prejudicial and not capable of being supported with admissible evidence. Each deserves to be stricken. *See Adams v. Northstar Location Servs., LLC*, No. 09-cv-1063, 2010 WL 3911415, at *7 (W.D.N.Y. Oct. 5, 2010) (striking irrelevant, prejudicial allegations not susceptible to proof through admissible evidence).

As such, the undersigned grants the motion to strike the above-quoted statements as impertinent and scandalous.

### DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE LEGAL ARGUMENTS AND CONCLUSIONS FROM THE ANSWER (ECF NO. 84)

#### *Legal Standard*

Western District of New York Local Rule of Civil Procedure 5.1(a) provides that "[a]ll pleadings and other papers shall be filed and served in accordance with the Federal Rules of Civil Procedure[.]"A number of courts have concluded that the inclusion of legal arguments in a pleading violates Rule 8(a)'s "short and plain statement" requirement. *See, e.g., In re NC Swine Farm Nuisance Litig.*, No. 15-CV-0013, 2015 WL 3948309, at *3 (E.D.N.C. June 29, 2015) (citing cases); *Barrett v. City of Allentown*, 152 F.R.D. 50, 53 (E.D. Pa. 1993) ("The material contained in pages 15–

---

[5] The owner of the restaurant in question also owns another location in the Rochester, New York, area.

48 is legal argument in support of the claims. It would be unfair to allow this material to remain in the Complaint because Defendants would be compelled to weed through the verbiage and respond to the material contained therein or risk having the material deemed admitted."). "When a complaint fails to comply with [Rule 8(a)'s] requirements, the district court has the power, on motion or *sua sponte,* to dismiss the complaint or to strike such parts as are redundant or immaterial [pursuant to Rule 12(f)]." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

Defendants' Answer (ECF No. 79-1) improperly advances legal arguments more properly advanced in a motion to dismiss and supporting memorandum of law. The legal conclusions in the Answer are redundant, impertinent, and immaterial as defined by Federal Rule of Civil Procedure 12(f). Defendants' First Counterclaim alleges:

> 47. As and for their first counterclaim, Defendants allege that this investigation is without constitutional authority. The 10th Amendment to the Federal Constitution provides: The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

> 48. The 10th Amendment defines federal powers.

> 49. Nowhere does the Constitution grant power to the Federal Government to act as a law firm to investigate and sue a small business on behalf of individuals.

> 50. The Defendants are not engaged in interstate commerce, so that is not a ground for assuming power.

(*Id.* at 9 ¶¶ 47–50.) Defendants' First Counterclaim reproduces portions of the legal arguments counsel advanced in its motion to dismiss on jurisdictional grounds. (*See*

Def.'s Green Lantern's Mem. in Supp. of Mot. to Dismiss, ECF. 42-2). There, Green

Lantern, represented by the same counsel, raises identical arguments, including:

> [T]he United States Constitution does not grant the federal government
> power to maintain an investigation or a lawsuit in which it represents
> one United States citizen against another private citizen.
> . . .
>
> The 10th Amendment to the Constitution states:
>
> The powers not delegated to the United States by the Constitution, nor
> prohibited by it to the States, are reserved to the States respectively, or
> to the people
> . . .
>
> [T]his village restaurant is not engaged in interstate.

(*Id.*) "It is wholly within the province of a district court to reject a pleading" that is

non-specific, unintelligible, or reproduces "portions of unpersuasive legal arguments

in prior pleadings." *Anthes v. New York Univ.*, No. 17-CV-2511, 2018 WL 1737540, at

*19 n.11 (S.D.N.Y. Mar. 12, 2018), *aff'd sub nom. Anthes v. Nelson*, 763 F. App'x 57

(2d Cir. 2019) (asserting the district court's authority to reject a pleading where the

proposed pleading and prior pleadings contained "cross-referencing[,] ....

reproduce[ed] portions of unpersuasive legal argument in prior pleadings, and

contain[ed] details that are wholly tangential to the claims asserted").

Twice this Court has stricken Defendants' documents for failure to comply with

the requirements of the Local Rules. (Text Order Den. Def. Green Lantern's Mot. to

Dismiss for non-compliance with local rule, ECF. 36; Text Order Den. Def.'s Green

Lantern's Mot. to Dismiss for Non-compliance with Local Rule, ECF No. 41.)

Additionally, this Court warned Green Lantern to comply with the Court's Local

Rules or risk the consequences. (Decision and Order, ECF No. 81 (declining to strike

counsel's affidavit for failing to comply with L.R. Civ. P. 7(a)(3) ("An affidavit, declaration, or affirmation must not contain legal arguments, but must contain factual and procedural background relevant to the motion it supports."), but "caution[ing] [Mr. Dominic's] counsel that it may not extend the same leniency in the future.").

For the issues stated above, EEOC has requested that the Court no longer extend Defendants the courtesy of its leniency and strike from the Answer all legal arguments and conclusions as redundant, impertinent, and immaterial under Rule (12)(f). *See Black v. UNUMProvident Corp.*, 245 F. Supp. 2d 194, 197 (D. Me. 2003) (striking "legal argument inappropriate for inclusion" in the pleading as violative of Rule 12(f)); *Barrett v. City of Allentown*, 152 F.R.D. 50, 53 (E.D. Pa. 1993) (striking from the pleading "legal argument in support of the claims" as redundant, immaterial, and impertinent under Rule 12(f)).

The undersigned grants the motion to strike the legal arguments and conclusions contained within Defendant's Answer ¶¶ 47, 48, 49 & 50 (ECF No 79-1).

## DECISION GRANTING PLAINTIFF'S MOTION
## FOR EXPENSES (ECF NO. 83)

On November 16, 2020, EEOC filed its Second Amended Complaint, naming Pullman as a defendant in this action. (Pl.'s Second Am. Compl. ECF No. 55.) Pursuant to Fed. R. Civ. P. 4(d)(1), EEOC requested that Pullman waive service and provided Pullman's counsel with a copy of the Second Amended Complaint and a waiver of service of summons form for signature. EEOC makes an unopposed claim that Pullman, through its counsel, initially agreed, on November 16, 2020, to waive

service. (Pl.'s Decl. ¶ 5, ECF No. 83-2.) EEOC requested that Pullman's counsel return the executed waiver of service of summons form by November 20, 2020, and on November 23, 2020, after having still not received the executed waiver of summons of service form from Pullman's counsel, EEOC claims that it again asked Pullman's counsel about the status of the waiver of service of summons form. (*Id.* ¶ 6.) EEOC makes the unopposed claim that it provided Pullman's counsel with a copy of the Second Amended Complaint and two copies of the waiver of service of summons form. (*Id.*)

EEOC claims it informed Pullman that if it did not receive the executed form by November 27, 2020, it would arrange for a process server to serve the Second Amended Complaint on Pullman. *Id.* EEOC contends that Pullman's counsel responded on November 23, 2020, that it would complete and return the form the following day. (*Id.* ¶ 7.) Despite this assurance, EEOC never received a signed waiver of service of summons from Pullman's counsel. (*Id.* ¶ 8.)

Pursuant to Federal Rule of Civil Procedure 4(c), EEOC hired a process server, Serving by Irving, Inc., which served the Second Amended Complaint on Pullman on December 4, 2020. (Aff. of Service, ECF No. 68.) On December 9, 2020, EEOC received an invoice from Serving by Irving, Inc., with a final bill of $405.00. (Pl.'s Decl., ECF No. 83-5.) As a result of Defendant's failure to waive service, EEOC incurred $405.00 in costs to serve Pullman.

## Legal Standard

Federal Rule of Civil Procedure 4(d)(2) stipulates that "if a defendant located within the United States fails, without good cause, to sign and return a waiver

requested by a plaintiff located within the United States, the court *must* impose on the defendant (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). The intent of the rule is to impose costs on defendant "that could have been avoided if the defendant had cooperated reasonably." *Hooda v. W.C.A. Services Corp.,* 11-CV-00504A SR, 2011 WL 6019932, at *3 (W.D.N.Y. Nov. 4, 2011), *report and recommendation adopted*, 11-CV-504A, 2011 WL 6012528 (W.D.N.Y. Dec. 1, 2011), *citing* Fed. R. Civ. P. 4(d), Advisory Committee's note (1993 Amendments.) Although a defendant who fails to comply with a request for waiver may avoid the imposition of paying the expenses associated with service, it must demonstrate good cause for its refusal to comply with the Rule, and a finding of good cause "should be rare." (*Id.*) For example, a defendant cannot demonstrate good cause by arguing that the underlying "claim is unjust or that the court lacks jurisdiction." (*Id.*) Defense counsel's "negligent tactic in refusing to accept service" will not constitute the just cause required to avoid an assessment of costs pursuant to Rule 4(d)(2). *Chavez v. Best Margarita's Mexican Grill,* No. 06-CV- 0694E(F), 2007 WL 2403726, at *2 (W.D.N.Y. Aug. 20, 2007) (imposing costs associated with service).

EEOC twice requested that Pullman waive service and provided Pullman's counsel with both a copy of the Second Amended Complaint and the necessary waiver of service of summons form. (Pl.'s Decl. ¶¶ 4, 6, ECF No. 83-2.) Pullman failed to execute the form and accept service of the complaint. (*Id.* at ¶ 8.) Pursuant to Federal Rule of Civil Procedure 4(d), Pullman had a duty to avoid unnecessary costs associated with service of process. *See Rashada v. City of Buffalo,* No. 11CV873A,

2013 WL 474751, at *2 (W.D.N.Y. Dec. 18, 2014) (noting that "Rule 4(d) was added to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel."). Pullman, through its counsel, refused to comply with this obligation, offering no good cause justification for its failure. The Court orders that Defendant pay the full cost of $405.00 to serve Pullman Associates, and reasonable attorney's fees for filing the motion for expenses.

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION FOR SANCTIONS (ECF NO. 90)

On January 19, 2021, this Court issued an Order requiring Green Lantern to produce relevant electronically stored information ("ESI") to EEOC by March 1, 2021. (Decision and Order, ECF No 81, "Discovery Order".) To date, Green Lantern has refused to comply with the Discovery Order as it pertains to the production of ESI. EEOC moves to seek sanctions under Federal Rule of Civil Procedure 37:

> EEOC now seeks an Order: (1) establishing, for the purposes of this action, that Mr. Dominic's was on notice, as of April 26, 2016, that Dowlatt was harassing female employees of the company's Fairport restaurant; (2) precluding Mr. Dominic's from introducing any of the claimant ESI produced by EEOC in this action, including at summary judgment or trial; and (3) paying EEOC reasonable attorneys' fees associated with bringing its motion to compel and this motion for sanctions.

(Pl.'s Mem. of Law at 2–3, ECF No. 90-1.)

### *Legal Standard*

As the Second Circuit has long recognized, "discovery orders are meant to be followed." *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 853 (2d Cir. 1995), *abrogated on other grounds by 4 Pillar Dynasty LLC v. New York & Co., Inc.,* 933 F.3d 202 (2d Cir. 2019). "A party who flouts [discovery] orders does so at his peril." *Update*

*Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir. 1988). District courts have broad discretion to formulate appropriate sanctions, which are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). Rule 37(b)(2)(A) provides that when "a party … fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders," including:

> (i) directing that the matters embraced in the order or other designated facts to be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1363 (2d Cir. 1991). The authority granted to courts under the rule is significant, and the court's ability to impose sanctions is intended to ensure that "Rule 37 is perceived as a credible deterrent rather than a 'paper tiger'[.]" *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1064 (2d Cir. 1979).

In its Discovery Order, the Court outlined the posture of the ESI discovery:

> Regarding electronically stored information ("ESI"), EEOC requested the production of ESI and defined the format in which it wanted that

> information produced. (EEOC Mem. of Law at 11 n.2.) Defendant has not produced any ESI to date and has informed EEOC's counsel, in essence, that it would not produce ESI. (Smolik Decl. ¶ 6, Sept. 24, 2020, ECF No. 32-2; Email from Arnold Petralia to Sara Smolik (Aug. 24, 2020 at 3:56 p.m.) ECF No. 24-4 ("As for ESI, Mr. Tachin got an estimate that is would cost $33,000. Further, it encroaches on Dominic employee's privacy rights. Whether prior counsel's response waived the cost objection is a matter we will have to fight in court. It is like a police state demand.")

(Discovery Order at 3, Jan. 19, 2021, ECF No. 81.) The Court then issued the following Order:

> [T]he Court hereby grants EEOC's application (ECF No. 32) to compel and directs that Defendant comply with the discovery demands by March 1, 2021. Defendant is directed to: (1) Search all computer hard drives, cell phones, cloud storage systems, email accounts, and social media accounts associated with Mr. Dominic's for responsive ESI and produce all responsive ESI located through that search, in the format requested by EEOC, by March 1, 2021;
>
> (2) Search all email accounts, cell phones, and social media accounts used by John Tachin, Patti Warren, Anthony Barbone, Jenna Kavanagh, Lauren Kessler and Donna German, during the relevant time, for responsive ESI and produce all responsive ESI located through that search, in the format requested by EEOC, by March 1, 2021; [and]
>
> (3) Produce documents responsive to EEOC's Rule 34 Request Nos. 44–55, by February 5, 2021.

(*Id.* at 4–5.)

The Court may consider several factors in determining what sanction to apply. These include "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (affirming dismissal as sanction for failure to comply with

discovery orders) (citing *Bambu Sales,* 58 F.3d at 852-53 (affirming default judgment as sanction for failure to comply with discovery order)). Additionally, a court may consider prejudice to the moving party who has been denied access to court-ordered discovery. *See Am. Cash Card Corp. v. AT&T Corp.,* 184 F.R.D. 521, 524 (S.D.N.Y. 1999). Appropriate sanctions should be "weighed in light of the full record of the case." *Cine Forty- Second St.,* 602 F.2d at 1068.

Green Lantern's defense counsel stated he was not producing documents per the discovery order, and that he planned to file a notice of appeal. (Letter from Arnold R. Petralia, Esq., to the Court (Feb. 11, 2021), ECF No. 88.) The docket does not contain any appeal from the undersigned's Discovery Order.

The Court finds that Defendants' failure to comply with the Court's Discovery Order compelling production was intentional and has been prolonged. It wasn't until six days after the expiration of the period for compliance that counsel even indicated he was not providing discovery, and that he intended to appeal from the order. Defense counsel has provided no basis for failing to comply with the discovery order, forcing EEOC to bring its motions. Rather than apply more drastic sanctions, the Court directs that Defendant pay EEOC's costs of filing the motion for sanctions, including reasonable attorney fees. EEOC shall submit a detailed summary of hours expended in the preparation of the motion for sanctions and the associated costs therein to the Court within two weeks of the docketing of this Decision and Order and Report and Recommendation.

Defense counsel are directed to meet and confer with EEOC's counsel regarding production of ESI.[6] The parties will submit a status report 30 days after the filing of this Order. Should any further issues regarding ESI persist, the Court will take further action, including the possibility of entering an Order: (1) establishing, for the purposes of this action, that Defendant Green Lantern was on notice, as of April 26, 2016, that Dowlatt was harassing female employees of the company's Fairport restaurant; and (2) precluding Green Lantern from introducing any of the claimant ESI produced by EEOC in this action, including at summary judgment or trial. Additionally, the Court may take more drastic sanctions depending on the circumstances. The Court is hesitant to punish Defendants for its counsel's actions; however, this Decision and Order and Report and Recommendation puts Defendants themselves squarely on notice that their former counsel's actions in this case are unacceptable. The Court will not hesitate in the future to conclude that Defendants' counsel's actions are taken with the full knowledge of Defendants.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTER CLAIMS (ECF NO. 85)

As discussed above, Pullman refused to waive service of EEOC's Second Amended Complaint that named Pullman as a defendant in this action. Because of its refusal, EEOC was required to have the Second Amended Complaint served on Pullman on December 4, 2020. (Affidavit of Service, ECF No. 68) Defendants' deadline to assert new counterclaims in response to EEOC's Second Amended Complaint was December 18, 2020. *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.,*

---

[6] The Court notes that Defendants are now represented by new counsel.

918 F. 3d 92, 101 (2d Cir. 2019); Fed. R. Civ. P. 15(a)(3). Defendants failed to comply with the Rule's deadline and have not requested an extension of the deadline.

On January 14, 2021, 27 days after the deadline expired, Defendants asserted new counterclaims against EEOC. (Answer, ECF No. 79-1.) EEOC seeks an order dismissing the counterclaims as untimely, as asserted without leave of court, as improperly seeking to expand the litigation close to the end of discovery, and as failing to allege plausible claims.

In determining whether to dismiss the counterclaims, the Court may proceed under Rule 15 as if Defendants had requested leave, or under Rule 12(b)(6). *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 101 (2d Cir. 2019).

While Rule 15(a)(2) instructs courts to "freely give leave" to amend pleadings "when justice so requires," leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)).

Defendants have raised counter claims against EEOC, alleging that the 10th amendment precludes EEOC from pursing this suit, and claims that the EEOC did not conduct a meaningful investigation which in turn violated due process. (Answer, 9-10, ECF No. 79-1.) The Doctrine of Sovereign Immunity protects EEOC from such counterclaims. There is no legal basis for Defendants' counterclaims against the EEOC because of EEOC's sovereign immunity against suit. Federal agencies cannot

be sued without their specific consent. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). This is especially true where, as here, Defendant's response to an EEOC action asserts counterclaims against the EEOC. *See, e.g., EEOC v. N. Star Hospitality Inc.*, No. 12-cv-0214, 2013 WL 4713794 (W.D. Wis. Feb. 8, 2013) (granting the EEOC's motion to dismiss the defendant's counterclaim because the agency had sovereign immunity and did not consent to a countersuit). As the EEOC has not waived its immunity, these counterclaims are meritless. This Court recommends to the district court that (ECF No. 79-1.) counterclaims be struck without prejudice.

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF NO. 42) AND DECISION AND ORDER ON PLAINTIFF'S MOTION TO STRIKE (ECF NO. 49)

EEOC made the following allegations in its first amended complaint (ECF No. 19) concerning Defendants' business and its connection with interstate commerce:

> 4. At all relevant times, Defendant Green Lantern Inn, Inc., d/b/a Mr. Dominic's on Main, a New York corporation, has continuously been doing business in the State of New York and the County of Monroe, and has continuously had at least 15 employees.

> 5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

(First Am. Compl. ¶¶ 4–5, ECF No. 19.) Defendant Green Lantern filed its answer to the first amended complaint and in the following paragraphs, addressed the allegations quoted above:

> 5. Admits the allegations contained in paragraph 4.

> 6. Admits the allegations contained in paragraph 5.

(Def.'s Answer to Pl.'s Am. Compl. ¶¶ 5–6, ECF No. 27.)

Defendant Green Lantern filed its first motion to dismiss on September 28, 2020 (ECF No. 35). In his affidavit in support of the motion (Mr. Petralia did not file a notice of motion, or a memorandum of law—only an affidavit), counsel raised, *inter alia*, the argument that the EEOC was without jurisdiction to bring the lawsuit. In a text order entered on September 29, 2020, the Court denied the motion without prejudice for lack of compliance with the local rules. (Text Order, ECF No. 36 ("The motion does not comply with Local Rule of Civil Procedure 7(a), which states that a motion requires a notice of motion and a memorandum of law, and that affidavits should not contain legal argument.").

On October 8, 2020, Defendant Green Lantern again filed a "First Motion to Dismiss," which the Court denied in a text order entered on the same day, citing the lack of compliance with the local rules. (Def.'s First Mot. to Dismiss, ECF No. 40; Text Order, ECF No. 41.)

On October 9, 2020, Defendant Green Lantern filed a third "First" motion to dismiss (ECF No. 42). The Court set a briefing schedule. (Text Order, ECF No. 43.) On October 20, 2020, prior to the due date for its response to Defendant's dismissal motion, EEOC filed a motion for leave to file a second amended complaint. (EEOC Mot. to Amend, ECF No. 45.) On November 6, 2020, EEOC also filed a motion to strike Mr. Petralia's affidavit in support of his motion to dismiss. (Pl.'s Mot. to Strike, 49; Pl.'s Mem. of Law, ECF No. 50.)

The undersigned did not set a briefing schedule for EEOC's motion seeking leave to file a second amended complaint. Therefore, W.D.N.Y. Local Rule 7(b)(2)(B), applied, and Defendant's response was due on November 3, 2020. Defendant neither

asked for an extension, nor filed papers opposing EEOC's request for leave to file a second amended complaint. Thus, the Court granted EEOC's motion (ECF No. 45) and the second amended complaint became the operative pleading in the case. Consequently, the undersigned recommends to the district court that it find that Defendant's third "First" motion (ECF No. 42) to dismiss the first amended complaint is moot. Accordingly, the undersigned reserves on Plaintiff's motion to strike (ECF No. 49) until the district court rules on the undersigned's Report and Recommendation. The Court will leave for another day the question of whether the admission made in Defendant Green Lantern's answer to the first amended complaint (admitting that Defendant engaged in interstate commerce) would apply to the case despite the opposite position stated in Defendants' answer to the second amended complaint (where Defendants dispute EEOC's conclusory allegation that the restaurants engaged in interstate commerce).

## CONCLUSION

### *Non-Dispositive Orders*

For the reasons stated above, the undersigned reserves on Plaintiff's motion to strike. (ECF No. 49). The Court grants EEOC's motion for award of expenses for service of Defendant Pullman, (ECF No. 83); grants EEOC's motion to strike certain affirmative defenses and allegations, (ECF No. 84) and grants in part EEOC's motion for sanctions (ECF No 90.) Parties are directed to meet and confer regarding the remaining ESI discovery and provide the Court a status update 30 days from the filing of this Order. As indicated in Defense Counsel's Response to EEOC's motion for

sanctions (Defs.' Resp. in Opp. 1-5, ECF No. 102 ), the new Defense Counsel is willing to participate in ESI collection but requires additional information from Plaintiff.

### *Dispositive Recommendations*

For the reasons stated above, this Court recommends that that district court find that Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 42) is moot and further that the district court grant EEOC's Motion to strike Defendant's Counterclaims (ECF No. 85).   The undersigned will issue a separate Report and Recommendation with regard to Plaintiff's Motion for Partial Summary Judgment, (ECF No. 91), once it has been fully briefed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474

U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

IT IS SO ORDERED.

DATED:     August 19, 2021
           Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge