UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff,     Case # 19-CV-6704-FPG

v.                  DECISION AND ORDER

GREEN LANTERN INN, INC.,

          Defendant.

   On September 23, 2019, Plaintiff Equal Employment Opportunity Commission commenced an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 105 Stat. 1071 ("Title I"), against Defendant Green Lantern Inn, Inc.  ECF No. 1.  The Court referred this case to United States Magistrate Judge Mark W. Pedersen for all pretrial matters excluding dispositive motions. ECF No. 7.   Specifically, on June 10, 2021, the Court referred Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 42, and Plaintiff's Motion to Strike Defendant's Counterclaims, ECF No. 85, to Judge Pedersen for report and recommendation.[1] ECF No. 92.

   On August 18, 2021, Judge Pedersen issued a report and recommendation ("R&R"), ECF No. 112.  On August 19, 2021, Judge Pedersen issued an amended report and recommendation ("Amended R&R"), ECF No. 114, in which he recommends that the Court find Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 42, moot, and further recommends that the Court grant Plaintiff's Motion to Strike Defendant's Counterclaims, ECF No. 85.  Judge Pedersen indicated that the parties had 14 days after receipt of the Amended R&R to file objections to it,

---

[1] In addition to issuing a report and recommendation on the dispositive motions, the Court referred ECF Nos. 49, 83, 84, and 90, to Judge Pedersen for Decision and Order.  Pursuant to Judge Pedersen's Amended R&R, the court: (1) RESERVED on Plaintiff's Motion to Strike, ECF No. 49; (2) GRANTED Plaintiff's Motion for Award of Expenses, ECF No. 83; (3) GRANTED Plaintiff's Motion to Strike certain affirmative defenses and allegations, ECF No. 84; (4) and GRANTED IN PART Plaintiff's Motion for Sanctions, ECF No. 90.

specifically noting such objections were due by September 7, 2021. ECF No. 114. As of September 8, 2021, the Court has received no objections to the Amended R&R nor has the Court received any requests for extensions of time to object.

Generally, a court reviews portions of an R&R to which a party makes specific objections *de novo*. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When a party does not object to the R&R, however, the court will review it for clear error. *EEOC v. AZ Metro Distributors*, *LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017) (quoting *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014)). "When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Court reviewed Judge Pedersen's Amended R&R and finds no clear error and therefore accepts and adopts the Amended R&R in its entirety. Accordingly, Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 42, is DENIED AS MOOT, and Plaintiff's Motion to Strike Defendant's Counterclaims, ECF No. 85, is GRANTED. Additionally, the Court reviewed the underlying briefing regarding the Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 42, and does not believe it lacks subject matter jurisdiction over this matter. Nevertheless, Defendant is not barred from asserting such an argument at a later date if it so chooses. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

IT IS SO ORDERED.

Dated: September 8, 2021
      Rochester, New York

                                                HON. FRANK P. GERACI, JR.
                                                United States District Court Judge
                                                Western District of New York