UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
                    Plaintiff,

        vs.

                                                Case no. 6:19-CV-06704

GREEN LANTERN INN, INC., D/B/A MR.
DOMINIC'S ON MAIN, and PULLMAN
ASSOCIATES, LLC D/B/A MR. DOMINIC'S AT
THE LAKE,

                    Defendants.

# Defendants' Memorandum of Law in Opposition to Plaintiff's Application for Fees and Costs

**ADAMS LECLAIR** LLP

Stacey E. Trien, Esq.
Robert E. Yawman, Esq.
*Attorneys for Defendants*
28 E. Main Street, Suite 1500
Rochester, New York 14614
(585) 327-4100
strien@adamsleclair.law
ryawman@adamsleclair.law

## Table of Contents

**Page(s)**

Table of Authorities ............................................................................................... ii

Preliminary Statement ............................................................................................ 1

Argument................................................................................................................ 1

1.  Any Fee Awarded Should be Entered Against Arnold Petralia, Esq. .......................... 1

2.  The EEOC Fails to Meet its Burden to Establish Entitlement to the Fees Sought ........ 2

3.  The Declaration of Jennifer R. Scharf, Esq. is Inadmissible
    and Should Not Be Considered.................................................................... 4

4.  The Amount of the Hourly Fee Sought by the EEOC is Not Reasonable.................... 5

5.  The EEOC Failed to Maintain Records of Hours Expended ...................................... 7

6.  If Sanctions are Awarded Against Defendants, Sanction in Connection
    with EEOC's Motion for Sanctions [Dkt 90] Should Be Against
    Green Lantern Only ................................................................................... 8

Conclusion............................................................................................................. 9

**Table of Authorities**

**Pages(s)**

## Cases

*Anello v. Anderson*, 191 F. Supp. 3d 262 (WDNY 2016) ....................................................... 3

*Anschutz Petroleum Mktg. Corp. v. E.W. Saybolt & Co., Inc.*, 112 FRD 355 (SDNY 1986) ......... 2

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
    522 F.3d 182 (2d Cir. 2008)........................................................................................2, 3

*Costa v. Sears Home Improvement Prods., Inc.*, 212 F. Supp. 3d 412 (WDNY 2016)...........*passim*

*EEOC v. Local 638 of Sheet Mtal Workers' Intern. Ass'n*,
    No. 71 Civ. 2877, 1991 WL 278917 (SDNY Dec. 18, 1991).......................................... 2

*Figueroa v. KK Sub II, LLC*, 2019
    WL 1109864, No. 15-CV-6526 (WDNY Mar. 11, 2019) (J. Geraci) ..................... 3, 5, 6

*Hughes v. The City of NY*,
    2021 WL 4295209, No. 1:18-CV-09380-MKV (SDNY Sept. 21, 2021) ......................... 2

*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974),
    *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).............................. 3

*Lavalette v. Ion Media Networks, Inc.*,
    2019 WL 3409899, No. 16 Civ. 7286 (SDNY July 29, 2019) ......................................... 4

*New York v. Grand River Enterprises Six Nations, Ltd.*,
    2021 WL 948042 (WDNY Mar. 21, 2021) ................................................................... 2

*NLRB v. Loc. 3, Int'l Broth. Of Elec. Workers*, 471 F.3d 399 (2d Cir 2006)............................... 5

*Peacock v. City of Rochester*, 2016 WL 4150445 (WDNY Aug. 5, 2016).............................5, 6

*Reiter v. MTA New York City Tr. Auth.*, 457 F.3d 224 (2d. Cir. 2006) ...................................... 5

*SEC v. Smith*, 798 F.Supp.2d 412 (NDNY 2011).................................................................. 7

*Stroud v. Commissioner of Social Sec. Admin*,
    2015 WL 2114587, No. 13 Civ. 3251 (SDNY Mar. 24, 2015),
    *adopted as modified by Stroud v. Commissioner of Soc. Sec.*,
    2015 WL 2137697 (SDNY May 6, 2015) ...................................................................... 7

Page(s)

**Rules/Statutes**

42 U.S.C. § 2000e-5(k) ................................................................................. 7

Fed. R. Civ. P. 602 ...................................................................................... 4

Fed. R. Civ. P. 901 ...................................................................................... 4

Fed. R. Evid. 703......................................................................................... 4

Defendants, Green Lantern Inn, Inc. ("Green Lantern") and Pullman Associates, LLC ("Pullman"), file this memorandum of law in opposition to Application for Fees and Costs filed by Plaintiff Equal Employment Opportunity Commission ("EEOC") [Dkt 118], as follows.

## PRELIMINARY STATEMENT

Any fee award entered herein should be directed solely to Defendants' prior counsel Arnold Petralia, Esq., as there is no indication that the party Defendants or their principal John Tachin had any knowledge or responsibility for the alleged violations.

In addition, the fee award sought is excessive in that the EEOC seeks fees at a rate in excess of comparable fee awards in this region, and because the EEOC failed to maintain contemporaneous billing records and seeks excessive time.

## ARGUMENT

### 1. Any Fee Award Should be Entered Against Arnold Petralia, Esq.

The Defendants and their principal John Tachin were not aware of their attorney Arnold Petralia's alleged failure to execute the waiver form with respect to service of the amended complaint; were not aware of Mr. Petralia's failure to comply with the ESI discovery order; and had provided all information and documents requested to their counsel immediately upon request. (*See* Declaration of John Tachin filed in opposition to the EEOC's sanctions motions on July 9, 2021 [Dkt 102-3].)

It is further noted that, while Mr. Petralia was still counsel of record, Defendants filed their Attorney Declaration and Declaration of John Tachin in opposition to the motions for sanctions on July 9, 2021, advising that any sanctions should be entered against Mr. Petralia and not Defendants, and Mr. Petralia failed to respond or otherwise object. (Trien Atty Decl.,

Dkt 102 at ¶ 24; Tachin Decl., Dkt 102-3 at ¶ 32.)

The Court has "wide discretion" to apportion monetary sanctions between a party and its counsel. *Hughes v. The City of NY*, 2021 WL 4295209, at \*14, No. 1:18-CV-09380-MKV (SDNY Sept. 21, 2021) (sanctioning Law Department for its spoliation of evidence). *See also New York v. Grand River Enterprises Six Nations, Ltd.*, 2021 WL 948042 (WDNY Mar. 21, 2021) (imposing sanctions equally upon defendants and their counsel).

The Court also has discretion to enjoin counsel from passing any part of the award on to his client. *See Anschutz Petroleum Mktg. Corp. v. E.W. Saybolt & Co., Inc.,* 112 FRD 355, 360 (SDNY 1986); *EEOC v. Local 638 of Sheet Mtal Workers' Intern. Ass'n*, No. 71 Civ. 2877, 1991 WL 278917, \*2 at n. 3 (SDNY Dec. 18, 1991) (where no indication that the clients were responsible for the sanctioned conduct, it was appropriate to assess sanctions against counsel only.)

Where, as here, there is no indication that the client had knowledge or involvement in the sanctionable conduct of counsel, the sanctions award should be entered against their former counsel Arnold Petralia, Esq.

**2.  The EEOC Fails to Meet its Burden to Establish Entitlement to the Fees Sought**

The prevailing party "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Costa v. Sears Home Improvement Prods., Inc.*, 212 F. Supp. 3d 412, 417 (WDNY 2016).

"To determine the amount of attorneys' fees, a court must calculate the 'presumptively reasonable fee,' which the Second Circuit has instructed requires consideration of 'the case-specific variables' to ascertain a reasonable hourly rate and the reasonable number of hours required by the case." *Costa*, 212 F. Supp. 3d at 417 (quoting *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)).

To calculate a "presumptively reasonable fee," a court "must ascertain the rate a paying client would be willing to pay." *Costa*, 212 F. Supp. 3d at 419 (quotation mark and citation omitted).

To do this, the Court considers the so-called Johnson factors, based upon the decision in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> *Costa*, 212 F. Supp. 3d at 419 (*citing Anello v. Anderson*, 191 F. Supp. 3d 262, 282-83 (WDNY 2016) ). A court 'should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively' and that 'such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case.' *Id.* (citation omitted).

*Figueroa v KK Sub II, LLC*, 2019 WL 1109864, *9, No. 15-CV-6526 (WDNY Mar. 11, 2019) (J. Geraci).

Here, the EEOC fails entirely to demonstrate the number of hours worked, and fails to establish the fee sought is reasonable based on awards in similar cases in Rochester, New York.

**3.  The Declaration of Jennifer R. Scharf, Esq. is Inadmissible and Should Not Be Considered**

The Declaration of Jennifer R. Scharf, Esq. submitted by the EEOC in support of its fee application is not admissible and should not be considered.  [Dkt 118-2.]  The Declaration is not based on Ms. Scharf's personal knowledge and fails to lay any foundation for the statements therein. *See* Fed. R. Evid. 602.

Ms. Scharf states that she has been a partner with the Coppola Firm in Buffalo since November 2019, and that her practice includes counseling and litigating employment matters for employees and employers. *Id.* ¶ 3.  Ms. Scharf then includes a general statement that $400.00 per hour is a "reasonable rate" for Ms. Smolik's work, and that the estimated hours charged are reasonable, without providing any basis for these conclusions.  Ms. Scharf fails to state the rate that she actually charges clients in connection with employment litigation matters (or any other matters) in Buffalo, New York, nor the rate that any other attorney has actually charged for similar services in the area.  As Ms. Scharf has not established that her opinion is based on her personal knowledge nor otherwise authenticated or laid the foundation for the statements in her Declaration.  Fed. R. Civ. P. 602, 901.

Nor would Ms. Scharf meet the minimal foundational requirements to testify as an expert under Fed. R. Evid. 703. She fails to state any qualifications as to general knowledge of hourly fees charged by attorneys in Rochester (or Buffalo), she fails to provide any information as to alleged methodology or data on which her conclusion is based, and she fails to explain how she came to the conclusion.  *See Lavalette v. Ion Media Networks, Inc.*, 2019 WL 3409899, * 16-17, No. 16 Civ. 7286 (SDNY July 29, 2019).

Based on the foregoing Ms. Scharf's Declaration should not be considered by the Court.

4

4. **The Amount of the Hourly Fee Sought by the EEOC is Not Reasonable**

Generally Courts in this District look to the market rate of attorneys with similar experience and skill level to determine the rate for fee awards to government attorneys. *NLRB v. Loc. 3, Int'l Broth. Of Elec. Workers*, 471 F.3d 399, 407 (2d Cir 2006).

The amount of the hourly fee should be based on market rates "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Tr. Auth.*, 457 F.3d 224, 232 (2d Cir. 2006).

The EEOC has not cited any case from this District allowing hourly rates at the excessive level sought of $400.00 per hour in a case of this nature.

The EEOC cites one case in this District awarding $425.00 per hour to attorney Donald Thompson, a "highly experienced attorney" prosecuting a complex Section 1983 action, *Peacock v. City of Rochester*, 2016 WL 4150445, at *7 (WDNY Aug. 5, 2016). The Court acknowledged that, aside from the "highly experienced attorney" exception carved out for Mr. Thompson due to his specialized experience handling complex Sec. 1983 actions, hourly rates allowed in this District are "$225 for partners, and $175 for associates." *Id.* at *7.

This District has recognized that, for purposes of determining an appropriate fee award, an action involving standard sexual harassment claims is "not complex". *Figueroa*, 2019 WL 1109864 at *10.

In *Costa*, 212 F.Supp.3d at 420-421 (also cited by the EEOC herein), the Court distinguished *Peacock*, *supra*, stating that in a Title VII action the Court should not rely on non-Title VII actions (*Id.* at n. 5), and stated that: "hourly rates generally allowed in this District for a [Title VII] case such as this are in the range of $225-$250 for partner time or

senior associate time, $150-$175 for junior associate time, and $75 for paralegal time." *Id.* at 420. The Court further stated that while it was awarding $300.00 to attorney Anthony LaDuca for certain senior partner time in that action because the defendants therein did not contest that rate, the $300 rate "is at the high end of what has typically been awarded in this District for similar types of cases." *Id.*

In *Figueroa*, 2019 WL 1109864 at *10, this District again awarded fees to Mr. LaDuca at a rate of $300.00 per hour in a sexual harassment action, indicating that he had 24 years of experience, and that the Court was basing this award on the precedent set by *Costa, supra*, with regard to this same attorney. This decision also notes that the "hourly rates typically awarded in this District for a similar case are $225-$250 for partner time or senior associate time, $150-$175 for junior associate time, and $75 for paralegal time." *Id.* at *10.

Ms. Smolik indicates that she has "approximately" seventeen years of experience practicing employment law (Smolik Decl. ¶ 5), and has been a Supervisory Trial Attorney with the EEOC since only May 2021 (Smolik Decl. ¶ 8). She generally states that she has been involved in trials, but does not provide citations or examples of particular trials, cases, or settlements which would demonstrate specialized experience.

At this level based on the above cases, Ms. Smolik is not within the "senior partner" category, generally reserved for those with more than twenty years of experience, but instead falls within the general partner range of $225-$250 in this district.

The time at issue was expended in connection with simple motions for sanctions arising out of Defendant's counsel's failure to comply with a simple electronic discovery order and failure to sign a form to consent to service of process of an amended pleading; these are not complex legal issues and did not involve trial time.

6

As a result the rate of $225.00 per hour would be appropriate with regard to time expended by Ms. Smolik in connection with the subject motions for sanctions. *Costa, supra.*

**5.  The EEOC Failed to Maintain Records of Hours Expended**

The EEOC improperly failed to maintain a contemporaneous time record of the hours expended by its various counsel in preparing the subject motions for sanctions, and asks that the Court allow it to estimate the hours expended.

The EEOC contends that it did not maintain a record of hours expended because it is not a fee-charging institution. (Smolik Decl. ¶ 11.)  (*See also* 42 U.S.C. § 2000e-5(k), under which the EEOC is not entitled to recover attorney's fees in Title VII actions that it initiates.)

In this instance the EEOC prepared the subject Motion for Expenses and Motion for Sanctions, wherein it specifically seeks recovery of attorney's fees; and the EEOC now seeks to recover for time expended in preparing these two motions. (Smolik Decl. ¶¶ 13, 15.)

As the party with the burden to prove entitlement to fees, in drafting these very motions, the EEOC had a duty to track the hours for which it intended to seek recovery.

In the single case cited by the EEOC for the incorrect proposition that it should be entitled to estimate the number of hours worked, *SEC v. Smith*, 798 F.Supp.2d 412 (NDNY 2011), the SEC discovered that the defendants had filed false declarations with the Court concerning material issues in the case, and as a result was subsequently awarded fees as sanctions in connection with additional substantive motion practice resulting from the newly discovered evidence.

In *Stroud v. Commissioner of Social Sec. Admin*, 2015 WL 2114587, *5 at n. 2, No. 13 Civ. 3251 (SDNY Mar. 24, 2015), *adopted as modified by Stroud v. Commissioner of Soc. Sec.*, 2015 WL 2137697 (SDNY May 6, 2015), the Court distinguished *SEC v. Smith, supra*, and held that

7

fees incurred for which contemporaneous fee records were not recorded could not be recovered because counsel was "an experienced Social Security practitioner who should have known that contemporaneous time records are required for fee applications except in the rarest of circumstances."

The EEOC fails to cite to any authority wherein, as here, the government (or any other party) filed a motion for sanctions seeking attorney's fees, failed to keep track of the fees expended in connection with the motion, and then sought to estimate the number of hours worked on that very motion.

Based on the EEOC's failure to maintain a contemporaneous record of its fees, it should not be entitled to recover fees above the $405.00 in costs incurred to hire a process server as stated.  (Smolik Decl. ¶ 14.)

If the Court does award fees to the EEOC, the number of hours allegedly expended on the motion for sanctions, an estimate of twenty hours to draft a motion seeking sanctions for Defendant's alleged failure to comply with the Court's discovery order compelling production of ESI (for which defendants' counsel failed to produce any ESI records) should be reduced by 50% to ten hours.

6. **If Sanctions are Awarded Against Defendants, Sanction in Connection with EEOC's Motion for Sanctions [Dkt 90] Should Be Against Green Lantern Only**

While as stated Defendants contend that any monetary sanctions should be entered solely against their counsel Mr. Petralia, if sanctions are entered against a party defendant, it would only be appropriate to enter those sanctions against the initial party defendant Green Lantern, and not the later-added party defendant Pullman.  Pullman was not a party at the time that the subject discovery requests were issued nor the time that the motion to compel the stated discovery was filed.

8

Pullman was not a party to this action when Plaintiff's motion to compel discovery [Dkt 32] was filed on September 24, 2020, solely against defendant Green Lantern, with respect to discovery requests previously issued to Green Lantern. The Second Amended Complaint adding defendant Pullman was not filed until November 16, 2020 [Dkt 55]. The Discovery Order [Dkt 81] granting the 9/24/20 motion to compel [Dkt 30], that is the subject of the EEOC's subsequent motion for sanctions [Dkt 90], is thus directed to solely defendant Green Lantern, not Pullman.

## CONCLUSION

Based on the foregoing, the Attorney Declaration of Stacey Trien dated September 22, 2021; the Declaration of John Tachin in opposition to the motion for sanctions dated July 9, 2021, with Exhibit A [Dkt 102-3, 102-4]; and the Attorney Declaration of Stacey Trien in opposition to the motion for sanctions dated July 9, 2021, with Exhibit A [Dkt 102 and 102-1], it is respectfully submitted that any sanctions entered by the Court should be entered solely against Defendants' former counsel Arnold Petralia, Esq; that any sanctions entered be reduced solely to the provable costs of $405.00 to hire a process server; alternatively that any sanctions entered be reduced to the market rate of $225 per hour, for 16 hours, for a total of $3,600.00; or alternatively that any sanctions awarded against defendants in connection with EEOC's motion for sanctions [Dkt 90] should be assessed solely against defendant Green Lantern Inn, Inc.

Dated:  September 22, 2021                    **ADAMS LECLAIR LLP**


By:    s/  Stacey E. Trien
          Stacey E. Trien, Esq.
          Robert P. Yawman, Esq.
          *Attorneys for Defendants*
          28 East Main Street, Suite 1500
          Rochester, New York 14614
          (585) 327-4100
          strien@adamsleclair.law
          ryawman@adamsleclair.law