UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                          Plaintiffs,

        v.                                          DECISION AND ORDER

GREEN LANTERN INN, INC. D/B/A                       19-CV-06704-FPG-MJP
MR. DOMINIC'S ON MAIN, and
PULLMAN ASSOCIATES, LLC, D/B/A
MR. DOMINIC'S AT THE LAKE,

                          Defendants.

     **Pedersen, M.J.** Before the Court is plaintiff EEOC's ("EEOC") application for fees and costs (Sept. 1, 2021, ECF No. 118 ("Application")) based on the Court's earlier combined Report and Recommendation ("R. & R.") and decision and order ("D. & O.") dated August 19, 2021.[1] (ECF Nos. 114.) Defendants filed opposition papers. (Mem. of Law, Sept. 22, 2021, ECF No. 123.) EEOC filed a reply. (Oct. 13, 2021, ECF No. 126.)

     For the reasons stated below, the Court grants a portion of EEOC's requested amount. Additionally, for the reasons stated below, the Court finds, first, that all fees and costs stemming from EEOC's motion for expenses (Feb. 4, 2021, ECF No. 83) must be imposed on defendant Pullman Associates, LLC, d/b/a Mr. Dominic's at the Lake ("Pullman Associates") and, second, that Defendants Pullman Associates and

---

[1] Since the relevant portions of the combined R. & R. and D. & O. concern the motion for sanctions and motion for expenses, further references to the combined R. & R. and D. & O. are to the Court's "D. & O." (D. & O. at 17, 20, ECF No. 114.) All CM/ECF citations are to ECF No. 114 because that docket entry contains the link to the Court's D. & O.

Green Lantern Inn, Inc. d/b/a Mr. Dominic's on Main ("Green Lantern" and together the "Defendants") and their former counsel, Arnold R. Petralia, Esq., should apportion among themselves fees and sanctions stemming from EEOC's motion for sanctions. (Mar. 15, 2021, ECF No. 90.)

## PROCEDURAL HISTORY

This D. & O. deals with fees and expenses stemming from two motions: EEOC's motion for expenses (ECF No. 83, and EEOC's motion for sanctions (ECF No. 90). The Court will assume the parties' familiarity with the procedural history laid out in earlier decisions. (Aug. 19, 2021, ECF No. 114; Mar. 8, 2022, ECF No. 128.) Below, the Court will discuss in greater depth its earlier D. & O. (ECF No. 114.)

Concerning the motion for expenses, the Court found in its earlier D. & O. that "Pullman, through its counsel, refused to comply" with its obligation to waive service, "offering no good cause justification for its failure." (D. & O. at 17, ECF No. 114.) The Court thus ordered "that Defendant [Pullman] pay the full cost of $405.00 to serve Pullman Associates, and reasonable attorney's fees for filing the motion for expenses." (*Id.* (alteration added).)

The Court found in deciding EEOC's motion for sanctions, which EEOC only brought against Defendants and not counsel (Notice of Mot. at 1, ECF No. 90; *see generally* Mem. of Law in Supp. of EEOC's Mot. for Sanctions, ECF No. 90-1), that "Defendants' failure to comply with the Court's Discovery Order compelling production was intentional and has been prolonged." (D. & O. at 20, ECF No. 114.) The Court determined that "Defendant pay EEOC's costs of filing the motion for sanctions, including reasonable attorney's fees." (*Id.*) Accordingly, the Court directed

2

EEOC to "submit a detailed summary of hours expended in the preparation of the motion for sanctions and the associated costs therein to the Court within two weeks." (*Id.*)

### The Parties' Initial Submissions

Following those instructions, EEOC filed its Application on September 1, 2021. (ECF No. 118.) Defendants filed opposition papers on September 22, 2021. (Mem. of Law, ECF No. 123.) EEOC filed a reply on October 13, 2021. (ECF No. 126.)

EEOC notes in its Application that "[a]s EEOC is not a fee-charging institution, its attorneys do not keep precise records of time spent . . . . Therefore, an award to EEOC of costs and attorneys' fees can only be based on estimated time." (Appl. at 2, ECF No. 118 (internal citation omitted).) EEOC adds that its calculation of hours is "a conservative estimated summary of the time spent" on the two motions. (Decl. of Sara Smolik, Esq. ¶ 11, ECF No. 118-1 ("Smolik Decl.").) EEOC requests a $400 hourly rate. (Appl. at 3, ECF No. 118.) In support of its Application, EEOC also submitted a declaration from a Buffalo-based attorney stating that "$400 per hour is a reasonable rate for the work of Attorney Sara Smolik because she has practiced as an employment lawyer in state and federal courts for approximately 17 years." (Decl. of Jennifer R. Scharf, Esq. ¶ 5, ECF No. 118-2 ("Scharf Decl.").)

Defendants disagree with these contentions, arguing that the fees EEOC seeks are not reasonable and that EEOC failed to maintain records of hours expended. (Mem. of Law at 5–8, ECF No. 123.) Defendants argue that to the extent fees are awarded against counsel, they should be assessed against Defendants' prior attorney, Mr. Petralia. (*Id.* at 1–2.) Defendants also assert that because "Pullman [Associates]

was not a party at the time that the subject discovery requests were issued" the Court should only "enter [ ] sanctions against the initial party defendant[,] Green Lantern." (Mem. of Law at 8, ECF No. 123 (alterations added).) Finally, Defendants maintain that the Court should not consider the Scharf declaration on evidentiary grounds. (*Id.* at 4.)

EEOC's reply provided additional arguments concerning reasonable hourly rate and reasonable hours billed. (Reply at 1–7, ECF No. 126.) However, given Defendants' arguments about whom the Court should sanction, (Mem. of Law at 1–2, 8, ECF No. 123 (discussed *supra*)), EEOC also discussed the Court's D. & O. granting fees and costs. (Reply at 7–8, ECF No. 126.) About the Court's D. & O., EEOC states,

> (1) the Court has already considered and rejected Mr. Dominic's proposal that the Court sanction Mr. Petralia or Green Lantern alone; (2) Mr. Dominic's was well aware of its discovery obligations during Mr. Petralia's representation; and (3) both Mr. Dominic's were parties to this case when the Court issued the January 19 Discovery Order, (ECF No. 81), and August 19 [D. & O.], and have acted as a single entity with respect to discovery.

(*Id.* at 7 (alterations added).) EEOC reads the Court's earlier D. & O. to mean that the Court was sanctioning the Defendants, Pullman Associates and Green Lantern Inn, "not Mr. Petralia, and not specifically Green Lantern alone." (*Id.*) EEOC further contends that "the two Mr. Dominic's have acted as a single entity with respect to discovery." (*Id.* at 10.)

### Notice and the Opportunity to be Heard for Defendants' Prior Counsel

Before the Court terminated Mr. Petralia from the docket on August 18, 2021, (Text Order, ECF No. 111), and even before Mr. Petralia sought to withdraw in a

letter dated June 14, 2021 (ECF No. 93), EEOC had filed its motion for sanctions on March 15, 2021. (ECF No. 90.) In its application for sanctions, EEOC recounts that "[o]n January 19, 2021, [the] Court issued an Order requiring Mr. Dominic's to produce relevant ESI[2] to EEOC by March 1, 2021," adding that Mr. Dominic's did not comply within the deadline and never produced ESI. (Mem. of Law in Supp. of EEOC's Mot. for Sanctions at 2, ECF No. 90-1 (alterations added); Decl. of Sara Smolik, Esq. in Supp. of EEOC's Mot. for Sanctions ¶¶ 6–8, ECF No. 90-2.) EEOC noted that the Court has authority under Fed. R. Civ. P. 37 to "issue further just orders" where "a party . . . fails to obey an order to provide or permit discovery." (Mem. of Law in Supp. of EEOC's Mot. for Sanctions at 2, ECF No. 90-1 (quoting Fed. R. Civ. P. 37(b)(2)(A)).)

The Court held a conference regarding the motion for sanctions and other topics on June 29, 2021. (ECF No. 100.) Mr. Petralia did not attend, citing his wife's declining health. (Letter, June 24, 2021, ECF No. 99.) After the Court granted Mr. Petralia's motion to withdraw, Defendants filed a response in opposition to EEOC's motion for sanctions. (July 9, 2021, ECF No. 102.) There, Defendants made two arguments they would make later in opposition to EEOC's Application. First, Defendants maintain that "[i]f this Court does enter monetary sanctions, any sanctions should be imposed against Defendants' counsel at the time that the discovery [o]rder was entered and the deadline passed. (*Id.* ¶ 24 (alterations added).) Second, Defendants assert that "the motion for sanctions is improper as against

---

[2] Electronically stored information. *See* Fed. R. Civ. P. 34.

defendant Pullman [Associates]" because Pullman Associates "was not a party to this action when Plaintiff's motion to compel . . . was filed." (*Id.* ¶ 25 (alterations added).)

Following Defendants' argument that fees and costs should be assessed against Mr. Petralia, and to ensure that Mr. Petralia had an opportunity to be heard on Defendants' contentions and sanctions generally, the Court issued a text order dated March 14, 2022. (ECF No. 130.) That order directed Defendants to serve Mr. Petralia with EEOC's Application, (ECF No. 118), and Defendants' memorandum of law in opposition to the same. (ECF No. 123.) The Court also directed Defendants to serve Mr. Petralia with the text order itself which stated that "Mr. Petralia shall have 30 days from the date of service to file a response if he so chooses." (Text Order, ECF No. 130.) Defendants complied, filing an affidavit of service on March 17, 2022, which indicated that an employee of Defendants' counsel served Mr. Petralia at his home and business on March 15, 2022, via certified mail. (ECF No. 133.)

Mr. Petralia filed opposition on April 22, 2022, a week late, (ECF No. 134 ("Petralia Opp'n"), concerning Defendants' claim that he should be responsible for fees and sanctions stemming from the Court's earlier D. & O. (ECF No. 114.) Mr. Petralia asserts that he did not have notice of Defendants' filing from July 9, 2021, opposing EEOC's motion for sanctions. (Petralia Opp'n at 2, ECF No. 134.) Mr. Petralia asserts generally that he did not have notice of "subsequent filings" after his departure from the case.[3] (*Id.*) Mr. Petralia does not assert, however, that he lacked

---

[3] Mr. Petralia's statements raise a potential service issue: "I never received [Mr.] Tachin's motion. Once my resignation as counsel was submitted, I never saw subsequent filings." (Petralia Opp'n at 2, ECF No. 134 (alteration added).) Mr. Petralia is referencing the July 9, 2021, opposition to the motion for sanctions filed by Defendants' current counsel. (ECF

notice of the underlying motions for expenses and sanctions. (*See generally id*.)
Finally, Mr. Petralia maintains that Mr. Tachin, the owner of the defendant
corporations, owes him legal fees totaling $18,000. (*Id*. at 2, 4.)

### EEOC and Defendants' Responses to Mr. Petralia's Opposition

With leave of the Court (Text Order, Apr. 22, 2022, ECF No. 135), EEOC filed
a further reply concerning Mr. Petralia's Opposition. (Apr. 29, 2022, ECF No. 136
("EEOC Sur-reply").) EEOC presents two arguments. First, EEOC maintains that
"the Court should assess EEOC's attorneys' fees against Mr. Dominic's, not Mr.
Petralia, because Mr. Dominic's remains noncompliant with two discovery orders."
(EEOC Sur-reply at 3, ECF No. 136.) EEOC claims that Defendants still have not
produced ESI. (*Id*. at 2–4.) Second, EEOC argues that the $405.00 service fee must
be imposed against Pullman Associates. (EEOC Sur-reply at 6-8, ECF No. 136.)

On April 29, 2022, Defendants also filed a response to Mr. Petralia's opposition.
(ECF No. 137 ("Defs.' Sur-reply").) Defendants point out that

> [Mr.] Petralia does not dispute any of the substantive allegations in
> defendant's submissions, including that: defendants and their principal
> John Tachin were not aware of [Mr.] Petralia's alleged failure to execute
> the waiver form with respect to service of the amended complaint; were
> not aware of [his] failure to comply with the ESI discovery order; and
> had provided all information and documents requested to their counsel
> immediately upon request.

---

No. 102.) Under Fed. R. Civ. P. 5(b)(2)(C), service was complete when Defendants' current
counsel mailed Mr. Petralia items per the Court's text order. (ECF No. 130.) Defendants'
affidavit of service demonstrates as much. (ECF No. 133.) Alternatively, as Defendants
correctly assert, because Mr. Petralia was still counsel of record, he had notice of the
possibility of sanctions through Defendants' July 9, 2021, opposition to EEOC's motion for
sanctions. *See* Fed. R. Civ. P. 5(b)(2)(E) (service by electronic filing system).

(*Id.* ¶ 12 (alterations added).) Defendants indicate that Mr. Petralia had notice of possible sanctions against him on July 9, 2021, when defendants filed opposition papers to EEOC's motion for sanctions. (*Id.* ¶ 14.) "Contrary to Mr. Petralia's contention, this constituted valid service of the papers on Mr. Petralia and additional methods of service or contact . . . were not required." (*Id.*) Concerning ongoing discovery, Defendants state that they have produced more ESI "than is required by the subject discovery order." (*Id.* ¶ 17 (citing D. & O., ECF No. 81).) They add that "[s]ince the time" of new counsel's "appearance in the case on June 22, 2021, defendants have made multiple attempts to confer with [ ] EEOC as to the permissible scope of the responsive ESI and have produced several rounds of discovery; and [ ] EEOC has repeatedly failed to confer with defendants in good faith."[4] (*Id.* (alterations added).)

## AMOUNT OF ATTORNEY'S FEES TO BE AWARDED

### *Standard of Law*

The Second Circuit directs district courts "to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir.

---

[4] The Court will not settle what appears to be a new discovery dispute between the parties over ESI in a D. & O. addressing motions that are now over a year old, (Mot. for Expenses, Feb. 4, 2021, ECF No. 83; Mot. for Sanctions, Mar. 15, 2021, ECF No. 90), and a bill of costs well over six months old (Sept. 1, 2021, ECF No. 118). The parties may submit letters concerning their dispute. For the Court's preferences concerning such disputes, *see* Hon. Mark W. Pedersen, United States District Court for the Western District of New York, https://www.nywd.uscourts.gov/content/hon-mark-w-pedersen ("Discovery Disputes"). As the Court indicated in its earlier D. & O., however, any further failures by Defendants to cooperate in discovery may result in "more drastic sanctions." (D. & O. at 21, ECF No. 114.)

2008) (emphasis in original). The "starting point," however, is a calculation of the "lodestar" figure. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("While the lodestar is not always conclusive, its presumptive reasonableness means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error."). It is the starting point because "the Supreme Court's directive that fee award calculations be 'objective and reviewable,' implies [that] the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure." *Id.* at 166–67 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 555 (2010)) (alteration added).

Courts calculate the "lodestar" figure by "multiply[ing] 'the number of hours reasonably expended' by a 'reasonable hourly rate.'" *Schneider on behalf of A.T. v. City of Buffalo*, No. 18-CV-1431V(SR), 2021 WL 5042502, at *3 (W.D.N.Y. Oct. 29, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (alteration added). Once calculated, there is a "strong presumption" that the lodestar figure is reasonable, but this presumption "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Ceglia v. Zuckerberg*, No. 10-CV-00569A F, 2012 WL 503810, at *4 n.6 (W.D.N.Y. Feb. 14, 2012) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)); *see also McPhaul v. Insight Mgmt. Partners*, No. 1:19-CV-1392, 2022 WL 542534, at *2 (W.D.N.Y. Feb. 23, 2022) ("Generally, the 'lodestar' creates a presumptively reasonable fee, guided by the *Arbor*

*Hill* factors.") Courts may consider the *Arbor Hill* factors[5] to determine if the lodestar method has produced a reasonable fee. *See McPhaul*, 2022 WL 542534, at *3 ("The court may then adjust the lodestar amount, factoring in the *Arbor Hill* considerations."). Finally, given "the district court's familiarity with the quality of representation and the extent of the litigation, the decision whether to award fees and the amount of fees awarded are issues generally confined to the sound discretion of the court." *Cush-Crawford v. Adchem Corp.*, 94 F. Supp. 2d 294, 301 (E.D.N.Y. 2000), *aff'd*, 271 F.3d 352 (2d Cir. 2001) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998).

---

[5] The *Arbor Hill* factors are as follows:

(1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Since the applicable *Arbor Hill* factors are considered in computing the reasonable hourly rate, the Court will not consider them further. *See Davis v. Shah*, No. 12-CV-6134 CJS, 2017 WL 2684100, at *3 (W.D.N.Y. June 22, 2017) (quoting *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015)) ("In setting the reasonable hourly rate, courts should bear in mind . . . the *Johnson* [i.e. *Arbor Hill*] factors.") (cleaned up). In *Blanchard v. Bergeron*, 489 U.S. 87 (1989), the Supreme Court addressed the holding in *Johnson* that a fee award was limited to what was agreed upon in a contingent fee agreement. The Supreme Court held that the contingent fee agreement was but one factor in determining a reasonable fee. *See id.* at 94 ("The *Johnson* factors may be relevant in adjusting the lodestar amount, but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended.").

*Documentation*

Documentation is generally considered when analyzing reasonable hours billed. *See, e.g., Martinez v. City of New York*, 330 F.R.D. 60, 71–72 (E.D.N.Y. 2019); *Godson v. Eltman, Eltman & Cooper, P.C.*, 328 F.R.D. 35, 62–63 (W.D.N.Y. 2018). The Court will discuss documentation separately given the unique issue of awarding fees to a government agency. For the Court to calculate any fee, the "requesting party" must "submit evidence supporting the number of hours worked and the hourly rate claimed." *New York v. Grand River Enterprises Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL 4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (citing *Hensley*, 461 U.S. at 433). To satisfy this requirement, attorneys "should include 'contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

EEOC maintains that because "EEOC is not a fee-charging institution, its attorneys do not keep precise records of time spent. . . . Therefore, an award to EEOC costs and attorneys' fees can only be based on estimated time." (Appl. at 2, ECF No. 118 (internal citation omitted).) In support of its position that it should not (and cannot) submit contemporaneous records of time spent, EEOC cites *S.E.C. v. Smith*, 798 F. Supp. 2d 412, 439 (N.D.N.Y. 2011), *aff'd in part, dismissed in part*, 710 F.3d 87 (2d Cir. 2013). There, the Northern District noted in determining the SEC's fees that "[w]hile contemporaneous time records are ordinarily required for an award of

attorney's fees, alternative methods of calculating such fees may be utilized where such records are not ordinarily maintained." *Id.* (collecting cases).[6]

Considering EEOC's status as a government agency, the Court finds that it provided sufficient documentation. Concerning both motions, EEOC's counsel states that "[t]his estimate is based on my review of my files, my Westlaw research history, my calendar during the relevant period of time, and my experience [of] over 17 years[] of conducting legal research and drafting briefs." (Smolik Decl. ¶ 13, ECF No. 118-1 (alterations added).) The Court also credits Ms. Smolik's detailed list of time she excluded, which indicates her good faith effort to provide something as close to contemporaneous time entries as possible. (*Id.* ¶ 12.)

### *Reasonable Hourly Rate*

"[D]istrict courts in this Circuit generally employ market rates to calculate awards of government attorneys' fees." *NLRB v. Local 3, Intern. Broth. of Elec. Workers*, 471 F.3d 399, 407 (2d Cir. 2006).

> [D]etermination of a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," an inquiry that may "include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district."

---

[6] Defendants argue that EEOC's documentation is insufficient. (Mem. of Law at 7–8, ECF No. 123). However, in support of their argument, they cite a case dealing with a private practitioner that is readily distinguishable. (*See id.* (discussing *Stroud v. Comm'r of Soc. Sec. Admin.*, No. 13 CIV. 3251 AT JCF, 2015 WL 2114578, at *5 n.2 (S.D.N.Y. Mar. 24, 2015), *report and recommendation adopted as modified sub. nom. Stroud v. Comm'r of Soc. Sec.*, No. 13 CIV. 3251 AT JCF, 2015 WL 2137697 (S.D.N.Y. May 6, 2015).) In *Stroud*, the Court rejected a *private attorney's* argument, on behalf of an individual client, that "contemporaneous time records are not, in all situations, necessary." 2015 WL 2114578, at *5 n.2. Private attorneys in litigation practice routinely keep contemporaneous time records, whereas government counsel ordinarily do not.

*Townsend v. Benjamin Enters, Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quoting *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005)) (alteration added). Such market rates "should be current rather than historic hourly rates." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (cleaned up).

The Western District discussed calculating a reasonable hourly rate under the lodestar method in *Godson v. Eltman, Eltman, & Cooper, P.C.*: "A reasonable hourly rate is the rate a paying client would be willing to pay bearing in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." 328 F.R.D. at 61 (quoting *Arbor Hill*, 522 F.3d at 190). The Court continued: "To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Id.* (citation omitted). EEOC has requested a $400 hourly rate, asserting that "$400 is consistent with market rates in Western New York for lawyers with experience and skill similar to that of Attorney Smolik." (Mem. of Law at 3, ECF No. 118.) In support of this claim, EEOC attached the declaration of Jennifer R. Scharf, Esq.[7] (ECF No. 118-2.) For the reasons stated below, the Court finds that a $400 hourly rate is not reasonable for the Western

---

[7] The Court will not rule on Defendants' evidentiary contentions about Ms. Scharf's declaration (Mem. of Law at 4, ECF No. 123): Ms. Scharf represents a lone data point out of many attorneys in the area who practice employment law. While somewhat insightful, her declaration is of limited value given the existence of precedent on this point. *Cf. Ceglia*, 2012 WL 503810, at *14 (quoting *Farbotko*, 433 F.3d at 209) (under Second Circuit precedent, the court may consider both "an affidavit by a disinterested local practitioner" and "rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district."). Here, prior case law and the Court's own familiarity with in-district rates demonstrate that a $300 hourly rate is reasonable.

District and will instead award Ms. Smolik $300 per hour in accordance with Western

District precedent.

To begin, "the most relevant authority" for determining fees in a Title VII

action, "are those cases dealing with reasonable hourly rates for plaintiff's attorneys

in [other] Title VII cases."[8] *Figueroa v. KK Sup II, LLC*, No. 15-CV-6526-FPG, 2019

WL 1109864, at *10 n.9 (W.D.N.Y. Mar. 11, 2019) (quoting *Costa v. Sears Home*

*Improvement Prods., Inc.*, 212 F. Supp. 3d 412, 420 n.5 (W.D.N.Y. 2016)) (alteration

added). Like *Costa* and *Figueroa*, the underlying claims here are not particularly

complicated: they involve allegations of a hostile work environment and constructive

discharge.[9] *See Figueroa*, 2019 WL 1109864, at *10 (Title VII claims involved were

"not complex" as they "involved standard sexual harassment and retaliation claims");

*Costa*, 212 F. Supp. 3d at 420 (legal issues involved in the Title VII case "were not

---

[8] For the same reason, the cases cited by EEOC concerning matters outside of Title VII are inapposite. *See Figueroa*, 2019 WL 1109864, at *10 n. 9 ("The Western District … cases that [p]laintiff cites that awarded higher hourly rates . . . are inapplicable because they are not Title VII cases and in several of them the reasonableness of the hourly rate was undisputed.") (alterations added) (internal citation omitted). EEOC casts *Figueroa*'s reasoning for a $300 hourly rate as being that the attorneys involved "d[id] not concentrate their practice in labor and employment" having "not worked on a large number of these cases." (Reply at 3, ECF No. 126 (discussing 2019 WL 1109864, at *10).) These were two reasons among many for the court's finding that $300 per hour was appropriate. *See* 2019 WL 1109864, at *10 (noting the case's lack of complexity, higher-than-normal rate requested, and lower "hourly rates typically awarded in this [d]istrict").

[9] The Court is mindful that Defendants' prior counsel made this case more complicated for the reasons discussed in the Court's D. & O. (ECF No. 114.) However, the Court considers these complications in the analysis of reasonable hours billed because Mr. Petralia's conduct undoubtedly required EEOC to expend more hours on this case. *Cf. Costa*, 212 F. Supp. 3d at 420 (noting that the case was "hotly contested and aggressively litigated by both sides" in setting the reasonable hourly rate). For example, in its earlier D. & O. on EEOC's motion for sanctions, (ECF No. 90), the Court found that "Defendants' failure to comply with the Court's Discovery Order compelling production was intentional," and that "Defense counsel has provided no basis for failing to comply with the discovery order, forcing EEOC to bring its motion[] [to compel]." (D. & O. at 20, ECF No. 114 (alterations added).)

particularly complex"). Thus, the Court finds highly persuasive the fee award used in both cases cited of $300 per hour. *See Figueroa*, 2019 WL 1109864, at \*10 (citing *Costa*, 212 F. Supp. 3d at 420) (setting award at $300 "in accordance with Judge Wolford's decision in *Costa*").

A $300 per hour rate is reasonable even when considering that reasonable rates should be current ones, that the award of attorney's fees here from a sanctions motion, and when considering Ms. Smolik's experience. First, although reasonable rates "should be current rather than historic hourly rates," *Reiter*, 457 F.3d at 232 (cleaned up), the Court remains persuaded that $300 per hour is reasonable as both *Figueroa* and *Costa* noted that "$300 per hour 'is at the high end' of typical awards in this District for similar cases." *Figueroa*, 2019 WL 1109864, at \*10 (quoting *Costa*, 212 F. Supp. at 420 (collecting cases)).

Second, the Court acknowledges that "fees awarded as sanctions are not intended only as compensation of reimbursement for legal services, but also serve to deter abusive litigation practices." *Ceglia*, 2012 WL 503810, at \*7. Of course, *Ceglia*, the case EEOC cites (Reply at 3, ECF No. 126), was far more than a "garden variety" case since it involved "rightful ownership of Facebook," a type of claim not typically litigated in this district. *Grand River Enterprises*, 2021 WL 4958653, at \*3 (discussing and quoting *Ceglia*, 2012 WL 503810, at \*6). Here, EEOC's "motion to compel [ ] involved what can only be described as routine discovery concepts" regularly heard by this district. *Id*.; *see also Schneider*, 2021 WL 5042502, at \*3 (noting that the motion for sanctions involved was "a relatively boilerplate one" and finding an hourly rate of $150 appropriate). An hourly rate of $300, which is well above Defendants'

suggested rate of $225 to $250 per hour (Mem. of Law at 6, ECF No. 123), adequately addresses both compensation and sanctions in this case.

Finally, the Court finds that $300 per hour is appropriate because the partner awarded $300 per hour in *Figueroa* and *Costa* had more years of experience than Ms. Smolik. *See Figueroa*, 2019 WL 1109864, at *9 (noting that, as of 2019, plaintiff's attorney had 24 years of experience, compared to Ms. Smolik's 17). This is further supported by the Court's own knowledge of the district, which supports the proposition that $300 is a reasonably hourly rate. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate.") For the reasons stated, the Court finds that a $300 hourly fee is "[a] reasonable rate" that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Schneider*, 2021 WL 5042502, at *3 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

### *Reasonable Hours Expended*

Next, the Court must consider the "reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. "To determine the reasonableness of the hours spent on litigation, the court must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" *Godson*, 328 F.R.D. at 63 (quoting *McLaughlin v. IDT Energy*, No. 14CV4107ENVRML, 2018 WL 3642627, at *18 (E.D.N.Y. July 30, 2018)). "The relevant issue, however, is not whether hindsight vindicates an attorney's time

expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Courts need not "conduct a 'line-by-line analysis' of an attorney's fee application because it is not realistic or practical to expect a trial judge to evaluate and rule on every entry." *Figueroa*, 2019 WL 1109864, at *11 (quoting *Costa*, 212 F. Supp. 3d at 424)). Instead, courts may exercise discretion "to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch*, 148 F.3d at 173) (internal quotation marks omitted) (citation omitted). No such fat trimming is necessary here, however.

The Court is persuaded that EEOC has provided an accurate and reasonable hours expended calculation. First, EEOC seeks compensation only for activities that were essential to preparation of the motions for which it seeks attorney's fees. (Smolik Decl. ¶¶ 13, 15, ECF No. 118-1.) Ms. Smolik states that the hours requested are the "minimum" required. (*Id*.) Second, EEOC has provided the Court with a detailed explanation of what items EEOC is not including in its hours calculation. (*Id*. ¶ 12.) In this respect, this case is unlike *Figueroa* where the court was confronted with "vague descriptions of the task performed, like 'research' or 'letter to Court' without further specification." 2019 WL 1109864, at *12 (quoting attorney billing entries). EEOC provided specifics by indicating in detail only a handful of activities for each motion for which it seeks recovery of attorney's fees. (Smolik Decl. ¶¶ 13, 15, ECF No. 118-1.) Finally, "the total amount of hours expended" do not at all seem "excessive"

here, especially given the conduct of Defendants that complicated discovery in this case. *See Grand River Enterprises*, 2021 WL 4958653, at *6 (finding fees "excessive" given the "routine nature" of the litigation); *see also supra* n.6 (discussing Defendants' conduct in discovery).

### DIVISION OF THE FEES AND COSTS

***Pullman Associates Alone is Responsible for Expenses and Fees Associated with EEOC's Motion for Expenses (ECF No. 83)***

Fed. R. Civ. P. 4(d)(2) requires the Court to impose sanctions, including attorney's fees and expenses directly "on the defendant."[10] *See also Chavez v. Best Margarita's Mexican Grill*, No. 06-CV-0694E(F), 2007 WL 2403726, at *2 (W.D.N.Y. Aug. 20, 2017) (expenses and reasonable attorney's fees may be imposed for failing to waive service). As the Court found in its prior D. & O., "Pullman failed to execute the [waiver] form and accept service of the complaint." (D. & O. at 16, ECF No. 114 (alteration added).) The Court ordered "that Defendant pay the full cost of $405.00 to serve Pullman Associates, and reasonable attorney's fees for filing the motion for expenses." (*Id.* at 17; *see also id.* at 25.) The Court determined *supra* that the hours expended by Ms. Smolik in preparing the motion for sanctions were reasonable but

---

[10] The full rule reads:

> If a defendant located in the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose *on the defendant*: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2)(A) & (B) (emphasis added). While EEOC only requests that expenses be imposed on Pullman Associates, (EEOC Sur-reply at 5–7, ECF No. 136), the Court reads the relevant rule and case law as providing the Court with the ability to impose expenses *and* attorney's fees for EEOC's motion on Pullman Associates.

18

that her hourly rate should be reduced to $300. Pullman Associates is therefore responsible for paying EEOC $1,800 in attorney's fees in addition to the $405.00 in expenses. (*Id.* at 16–17.)

Despite the Court's order, and the plain language of Fed. R. Civ. P. 4(d)(2), Defendants argue that the Court has "wide discretion" to apportion monetary sanctions between them and Mr. Petralia, and that the Court may "enjoin counsel from passing any part of the award on to his client." (Mem. of Law at 2, ECF No. 123 (citations omitted).) Even if it did not appear mandatory under Fed. R. Civ. P. 4(d)(2) that the Court assess fees and costs against Defendant Pullman Associates for failure to waive service, the Court reminds Defendants that "a litigant chooses counsel at his peril." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16CV1318GBDBCM, 2019 WL 4727537, at *30 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 2020 WL 1479018 (S.D.N.Y. Mar. 26, 2020) (quoting *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)) (change in case name omitted); *see also Arnold v. Krause, Inc.*, 232 F.R.D. 58, 68 (W.D.N.Y. 2004) ("The acts and omissions of counsel are normally wholly attributable to the client.") (citation omitted). For the reasons stated, the Court finds that Pullman Associates alone must bear the fees and costs related to EEOC's motion for expenses relating to the failure to waive service, including the fees for service.

### Assessing Fees against Mr. Petralia

"Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (discussing sanctions under Fed. R. Civ. P.

11, 28 U.S.C. § 1927, and the district court's inherent powers) (cleaned up) (emphasis in original); *see also Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 285 (2d Cir. 2021). The Second Circuit requires that attorneys and parties receive notice of:

> (1) [T]he source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.

*Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (quoting *Schlaifer Nance & Co.,* 194 F.3d at 334) (alteration added). "In addition to notice, the subject of a motion for sanctions is also entitled to an opportunity to be heard." *Schlaifer Nance & Co.*, 194 F.3d at 335. In some instances, as is true here, "the opportunity to submit written briefs may be sufficient to provide an opportunity to be heard." *Id.*

EEOC's motion for sanctions (ECF No. 90), gave Mr. Petralia "notice of the sanctionable conduct." *Infomir*, 2019 WL 4727537, at *19 (quoting *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)); *see also Sheperd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019) (finding adequate notice where defendants "asked the district court to dismiss" the complaint). EEOC cited the authority under which the Court could sanction Mr. Petralia, Fed. R. Civ. P. 37. (Notice of Mot. for Sanctions at 1, ECF No. 90; Mem. of Law in Supp. of EEOC's Mot. for Sanctions at 2, ECF No. 90-1.) Mr. Petralia did not request a hearing on EEOC's motion for sanctions, instead moving to withdraw from the case on June 14, 2021. (ECF No. 93.) Indeed, Mr. Petralia declined to attend a conference where the Court discussed the motion for sanctions. (Letter, June 24, 2021, ECF No. 99; *see also* Minute Entry, June 29, 2021, ECF No. 100.) While Mr. Petralia's reasons for doing so are sympathetic, the due

process analysis could end here: Mr. Petralia had been given notice and declined the opportunity to be heard. *See Am. Empire Surplus Lines Ins. Co. v. Joseph & Son Restoration Inc.*, No. 20CV189WFKCLP, 2021 WL 5507858, at *5 n.13 (E.D.N.Y. Nov. 5, 2021), *report and recommendation adopted*, 2021 WL 5505833 (E.D.N.Y. Nov. 24, 2021) ("The Court finds that both defendant and defense counsel have been afforded due process because they were on notice of, and had the chance to respond to, the request for sanctions in the form of attorney's fees.").

In view of his difficult personal circumstances, and to ensure Mr. Petralia had adequate opportunity to be heard, the Court provided him both with notice of Defendants' argument, that costs and fees should be assessed against him, and an opportunity to respond. (Text Order, Mar. 14, 2022, ECF No. 130.) The Court again alerted Mr. Petralia to the possibility of sanctions in that text order. *See Sheperd*, 921 F.3d at 97 ("The district court—in ordering Sheperd to respond—stated bluntly that" serious sanctions could result.). Mr. Petralia filed opposition, although outside of the Court's designated window. (Petralia Opp'n, Apr. 22, 2022, ECF No. 134.) Nonetheless, the Court has considered Mr. Petralia's submission. *See Schlaifer Nance & Co.*, 194 F.3d at 335 (written briefs may be sufficient for an opportunity to be heard). Based on the foregoing, the Court finds that Mr. Petralia has been given adequate notice and opportunity to be heard.

### The Court Elects Not to Apportion Fees and Costs for EEOC's Motion for Sanctions (ECF No. 90)

"The Court has wide discretion to apportion Rule 37 monetary sanctions between a party and its counsel." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 69 n.19 (S.D.N.Y. 2020) (citing *Infomir*, 2019 WL 4727537, at

*30). Defendants raise two arguments in their opposition to EEOC's Application about fees and costs stemming from EEOC's motion for sanctions. First, Defendants argue that the Court should sanction only Mr. Petralia. (Mem. of Law at 1–2, ECF No. 123.) Second, Defendants argue that if the Court awards sanctions against Defendants, the Court should sanction only Green Lantern because it was the only defendant when the Court entered its discovery order. (*Id*. at 8–9.) Defendants also raised these arguments in opposing EEOC's motion for sanctions. (Decl. of Stacy E. Trien, Esq., in Opp'n to EEOC's Mot. for Sanctions ¶¶ 24–25, July 9, 2021, ECF No. 102.)

The Court agrees with EEOC that it "already rejected Mr. Dominic's arguments, first asserted in its untimely July 9, 2021[,] Attorney Declaration, that any sanctions should be levied against Mr. Petralia or, failing that, should apply only to Defendant Green Lantern Inn, Inc." (Reply at 7, ECF No. 126 (alteration added).) The Court found "that Defendants' failure to comply with the Court's Discovery Order . . . was intentional and has been prolonged," and directed "that Defendant pay" EEOC's costs and reasonable attorney's fees. (D. & O. at 20, ECF No. 114.) Defendants should have asked for review or reconsideration of the resulting D. & O. (ECF No. 114), rather than re-raising the argument in opposing EEOC's Application.

Even if the Court had not already determined that both Defendants, Pullman Associates and Green Lantern, are responsible for fees and costs stemming from EEOC's motion for sanctions (ECF No. 90), the Court further finds that Pullman Associates and Green Lantern "acted as a single entity with respect to discovery." (Reply at 10, ECF No. 126; *see generally* R. & R., ECF No. 128 (finding Pullman

Associates and Green Lantern to be a single employer under Title VII).) As EEOC correctly states, "counsel has referenced both [Defendants] as a single entity in its communications with EEOC and the Court regarding ESI discovery." (Reply at 11, ECF No. 126 (citing docket entries) (alteration added).)

The Court will amend its earlier D. & O. to add Mr. Petralia, however. The Court notes that it explicitly found that Mr. Petralia committed "sanctionable conduct." *Infomir*, 2019 WL 4727537, at *30. "Effective deterrence [under Fed. R. Civ. P. 37] therefor[e] demands that the monetary sanction also run against counsel." *Id.* (alterations added). As the Court indicated, "Green Lantern's defense counsel stated he was not producing documents per the discovery order." (D. & O. at 20, ECF No. 114.) The Court also stated that "Defense counsel has provided no basis for failing to comply with the discovery order." (*Id.*) The Court's intent was to sanction *both* Defendants Pullman Associates and Green Lantern *and* Mr. Petralia. To the extent that was unclear, the Court amends its earlier D. & O.

Given the fees dispute Mr. Petralia raises, and the multiple parties from whom EEOC may receive fees, the Court determines that the best course of action is "not to apportion liability" among Defendants and their former counsel, Mr. Petralia. *Infomir*, 2019 WL 4727537, at *30 (quoting *Merck Eprova AG v. Gnosis S.P.A.*, No. 07 CIV. 5898(RJS), 2010 WL 1631519, at *6 (S.D.N.Y. Apr. 20, 2010)). The Court finds this will best serve the deterrent goals of Fed. R. Civ. P. 37. *See Infomir*, 2019 WL 4727537, at *20 ("Even if [Defendants] were uninvolved in the discovery misconduct committed on their behalf, it would ill-serve both the specific and general

23

deterrence goals of Rule 37 to allow them to escape sanctions by blaming 'the incompetence of their trial counsel.'") (alteration added) (citation omitted).

**CONCLUSION**

For the foregoing reasons, the Court grants EEOC's Application, awarding a reduced in-district rate of $300 per hour for 26 hours billed for a total of $7,800, in addition to $405 in costs. The fees and expenses will be awarded as follows, with additional instructions noted.

***Expenses and Fees Associated with EEOC's Motion for Expenses (ECF No. 83)***

The Court orders Pullman Associates to pay $1,800 for reasonable attorney's fees resulting from EEOC's motion for expenses and $405.00 in costs from effecting service. Pullman Associates must issue a check to EEOC in the amount of $2,205.00 **within thirty days** of the docketing of this D. & O. Failure to do so may result in more severe sanctions, including additional fees or other sanctions pursuant to Fed. R. Civ. P. 37.

***Fees Associated with EEOC's Motion for Sanctions (ECF No. 90)***

The Court orders Pullman Associates, Green Lantern Inn, and Arnold Petralia, Esq., to determine division of the remaining $6,000 in fees stemming from EEOC's motion for sanctions and to issue a check to EEOC **within thirty days** of the docketing of this D. & O. Failure to do so may result in more severe sanctions, including additional fees or other sanctions pursuant to Fed. R. Civ. P. 37.

The Court directs the Clerk to enter judgment for EEOC in the amount of $6,000 against Defendants Green Lantern Inn, Inc., d/b/a Mr. Dominic's on Main, Pullman Associates, LLC, d/b/a Mr. Dominic's at the Lake, and Arnold R. Petralia,

Esq. *See Infomir*, 2019 WL 4727537, at *30 ("The monetary sanction will therefore run jointly and severally, without apportionment, against [defendants] and their counsel of record, permitting them to settle the issue among themselves without further motion practice.") (alteration added).

### Service of this Decision on Defendants' Prior Counsel

Given Mr. Petralia's difficulties with using the Court's electronic filing system, the Court orders the Clerk to send a copy of this D. & O. as follows: Arnold R. Petralia, Esq., 64 Everwild Ln., Rochester, NY 14616. The Court further orders the Clerk to send copies of this D. & O. to any other address on file for Mr. Petralia.

### Defendants May Move to Seal or Propose Redactions

Finally, concerning Defendants' request that Mr. Petralia's opposition be sealed, which the Court construes as a motion to seal, the Court finds that Defendants have not met their burden of "a proper showing" under Loc. R. Civ. P. 5.3(b) that an order to seal is necessary. To overcome the presumptive right of public access, Defendants must put forth "specific" reasons that "sealing is necessary to preserve higher values" and that sealing of Mr. Petralia's entire opposition is "narrowly tailored to achieve that aim." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)). Defendants fail to meet this burden because they refer in vague terms to "disparaging allegations" and "alleged information protected by attorney-client privilege." (Defs.' Sur-reply ¶ 10, ECF No. 137.) Moreover, Defendants also fail to meet this burden because redaction may be sufficient, indicating a narrowly tailored alternative. *See Rochester Drug Co-Operative, Inc. v. Hiscox Ins. Co.*, 466 F. Supp. 3d

337, 345 n.3 (W.D.N.Y. 2020), *reconsideration denied*, No. 6:20-CV-06025 EAW, 2021

WL 671603 (W.D.N.Y. Feb. 22, 2021), *appeal withdrawn*, No. 22-230, 2021 WL

3027164 (2d Cir. Mar. 17, 2021) (finding that even "proposed redactions did not

overcome the presumption of access to judicial documents"). Defendants may file a

renewed motion to seal by June 6, 2022, and alternatively, or in addition, Defendants

may submit proposed redactions of Mr. Petralia's opposition. Until that time, the

Court orders that Mr. Petralia's opposition will remain restricted to Court users and

the parties.

SO ORDERED.

MARK. W. PEDERSEN
United States Magistrate Judge

Dated:     May 10, 2022
           Rochester, New York